## CERVO v. ISBRANDTSEN CO., Inc.

### No. 106, Docket 21482.

United States Court of Appeals
Second Circuit.

Argued Dec. 15, 1949.

Decided Dec. 30, 1949.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

Corydon B. Dunham, New York City, attorney and counsel for defendant-appellant; Xavier N. Sardaro, on the brief.

Paul C. Matthews, New York City, attorney for the plaintiff-appellee; Archibald F. McGrath, New York City, and John J. Robinson, New York City, counsel.

PER CURIAM.

The defendant's appeal is clearly without merit. There was evidence that the plaintiff's injuries were due to a greasy floor which caused his fall and a cerebral hemorrhage, and that the presence of grease on the floor was due to the defendant's negligence. The questions whether there was grease on the floor and whether

the defendant should have removed it in order to afford the plaintiff a safe place to work were matters for the consideration of the jury. Its verdict as to negligence was conclusive and cannot be reexamined on appeal.

■ The contention that the trial court erred in allowing the verdict to stand because the jury had only found that the defendant was "guilty of contributory negligence" is without any substantial basis. The foreman was using the words "contributory negligence" in a colloquial and practical sense. It is clear that they related only to the negligence of the defendant and involved no contributory negligence on the part of the plaintiff, for when the Judge asked: "Do you mean the plaintiff or the defendant?" the foreman replied: "The defendant."

■ The motion for a mistrial on the ground that the plaintiff improperly had spoken of a witness as a liar was rightly denied. The outburst could not in our opinion have affected the jury in any way favorable to the plaintiff and, in any event, was cured by the instructions of the Judge to disregard it.

■ The defendant's contention that there was a duplication of the plaintiff's damages in the recoveries allowed by the jury on the first cause of action for negligence, and the second cause of action for maintenance and cure, was not substantiated, particularly in view of the failure of the defendant to object to the charge on any such ground. Moreover, the Judge instructed the jury that in awarding any damages for negligence it must take into consideration that the plaintiff had the right to maintenance and cure. The amendment of the judgment determined that the plaintiff's rights to maintenance and cure after June 17, 1949, had not been adjudged. The defendant had not objected to the charge that any claim for future maintenance and cure would have to be the subject matter of another suit. It will be at liberty to challenge any items claimed in a further suit and will only be precluded from resisting them on the ground that the plaintiff could not split his claim.

The judgment as rendered is affirmed.