Edward J. HUGNEY, Plaintiff,

v.

CONSOLIDATION COAL COMPANY, Defendant.

Civ. A. No. 69–1345.

United States District Court,
W. D. Pennsylvania.

March 25, 1971.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Raymond G. Hasley, of Rose, Schmidt & Dixon, Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, Chief Judge.

On November 26, 1969, the plaintiff Hugney brought this action under the general maritime laws for maintenance and cure, and under the Jones Act (46 U.S.C. § 688) for aggravation and prolongation of his injuries and disabilities arising out of an accident which occurred on June 18, 1966, on which date the plaintiff was a seaman in the employ of the defendant, Consolidation Coal Company (Consolidation).

The defendant filed a Motion to Dismiss under Rule 12(b) (6), Fed.R. Civ.P., for failure to state a claim upon which relief can be granted and under Rule 12(b) (1), Fed.R.Civ.P., for lack of jurisdiction over the subject matter. The grounds for dismissal are that plaintiff is barred from bringing this action under the doctrine of res judicata, collateral estoppel and the statutes governing limitation of liability.

The defendant requested the court to take judicial notice of the proceedings in this court between the same parties at Admiralty No. 67-370, which we have done. Thus, the motion to dismiss shall be treated as a motion for summary judgment as provided in Rule 12(b), Fed.R.Civ.P.

The action at Admiralty No. 67-370 was instituted by Consolidation for exoneration from or limitation of liability arising out of the accident of June 18, 1966. The plaintiff Hugney, having been notified of a monition directing all parties to file their claims against Consolidation, filed his "Answer and Claim" in which he claimed damages under the Jones Act and for "all sums due him for maintenance and cure". A pretrial stipulation stated that Hugney's claim for injuries "is governed by * * * the Jones Act, and the rules, decisions and statutes pertaining to seamen's claims for maintenance and cure". Hugney did not personally attend the admiralty trial, but his case was tried by his counsel and resulted in a judgment in his favor of $325.[1] This judgment has been marked satisfied. For a review of the litigation at Admiralty No. 67-370, see In re Consolidation Coal Company, 296 F.Supp. 837 (W.D.Pa.1969).

It is implicit in the findings and conclusions entered in the admiralty trial that (1) Hugney sustained an injury due to the negligence of Consolidation; (2) that he was able to return to work on August 12, 1966; (3) that he was not entitled to maintenance from June 18, 1966 to August 12, 1966 because he had worked until July 10th and had been paid his salary during the period of time he was disabled; (4) that he was entitled to "cure" in the amount of $25 for his medical expenses; and (5) that he was entitled in the Jones Act claim in the amount of $300 for pain, suffering and inconvenience. No finding was made that as of February 15, 1968, the last day of trial, he had reached the maximum improvement that could be expected or that he had been cured. Thus, Hugney is not barred from claiming maintenance and cure for a period or periods subsequent to trial. *Cf.* Oliveras v. United States Lines Company, 318 F. 2d 890 (2d Cir. 1963).

On November 26, 1969, the same day on which the action under consideration was filed, the plaintiff filed a verified petition to open the satisfied judgment entered in his favor in the admiralty trial. He also filed a verified supplement to the petition to open. These documents are included in the proceedings at Admiralty No. 67-370 of which we agreed to take judicial notice. It appeared from Hugney's petition to open

---

1. For a recital of the circumstances surrounding Hugney's failure to attend the trial, see opinion dated February 26, 1970, denying his motion to open the judgment at Admiralty No. 67-370.

that he has "suffered severe and permanent injuries and disabilities as a result of the accident of June 19, 1966 [sic], while employed as a seaman aboard the M/V MATHIES, and is still suffering from the said injuries, specifically in his head, neck, spine, back, shoulders, arms, central nervous system and a traumatic neurosis." In his supplement to petition to open judgment he swore that "at the time of his last discharge from the M.S. T.S., plaintiff received a not fit for duty slip from the U.S.P.H.S. Hospital at Norfolk, Va."; although he does not specifically state that his disability stems from the accident of June 18, 1966, it may be inferred.

By Order dated February 26, 1970, his petition to open judgment was denied. Notice of appeal was filed. On January 27, 1971, pursuant to a stipulation, an Order was entered dismissing the appeal.

As stated, we think Hugney is not barred from claiming maintenance and cure for a period or periods subsequent to February 15, 1968, the last day of trial, and may pursue his current claim for maintenance and cure.

■ Likewise, we think the plaintiff may pursue his Jones Act claim for "breach of the obligation of the defendant to furnish plaintiff with maintenance and cure" resulting in aggravation and prolongation of his injuries and disabilities.

■ We agree with the plaintiff that an action for maintenance and cure is not subject to limitation of liability. See: Edelman, Maritime Injury and Death, vol. 1, p. 578, where it is stated:

"Maintenance claims by a crewmember are presumably not subject to limitation of liability. [Footnote omitted.] This is probably explainable as involving a contractual relation to which all shipowners are privy."[2]

■ We think that the plaintiff who elected to and did try his maintenance and cure claim in the admiralty action, ordinarily would be bound by the findings of fact made at that trial pursuant to principles of res judicata and collateral estoppel. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Nevertheless, since it was not found that he had reached maximum cure, it is open to him to file a new libel and prove continuing or recurring symptoms of disability stemming from the injury he sustained on June 18, 1966, which conditions subsequent to [the trial] might entitle him to maintenance and cure. See: Farrell v. United States, 336 U.S. 511, 519, 69 S.Ct. 707, 93 L.Ed. 850 (1949); Sobosle v. United States Steel Corporation, 359 F.2d 7 (3d Cir. 1966); Neville v. American Barge Line Company, 276 F.2d 117 (3d Cir. 1960); Koslusky v. United States, 208 F.2d 957 (2d Cir. 1953); Gilmore and Black, The Law of Admiralty, §§ 6–11, p. 265. Where maximum cure has not been attained, awards for maintenance and cure are usually limited to the time of trial, and a shipowner may be subject to repeated suits for amounts due during intermittent periods of disability. Cervo v. Isbrandtsen Co., 178 F.2d 919, 920 (2d Cir. 1949).

We also agree with plaintiff that his current claim for damages under the Jones Act is a tort different from and subsequent to that pleaded and tried in the admiralty action, and is not subject to limitation of liability. It is conceivable that upon recurrence of symptoms and disability, or consequences emanating from the original injury but undetected for a period of time, upon proper notice, the plaintiff could require the shipowner to provide maintenance and cure, and a negligent failure to do so may subject it to consequential damages.

2. Cf. Sims v. United States of America War Shipping Adm'n, 186 F.2d 972 (3d Cir. 1951), holding that a shipowner's obligation for maintenance and cure is not contractual but annexed by law to employment as an inseparable incident thereof, so that usual rules of damages for breach of contract to pay money are inapplicable in determining the extent of such obligation.

Sims v. United States of America War Shipping Adm'n, 186 F.2d 972 (3d Cir. 1951); Neville v. American Barge Line Company, *supra*. As previously stated, we think the prospective trial between the parties with reference to Jones Act liability on June 18, 1966, would be subject to the principles of res judicata and collateral estoppel, and issues litigated and decided in the admiralty action would be binding on both the plaintiff and defendant.

Although the plaintiff in his complaint has claimed maintenance and cure "to the present time or the time of judgment" resulting from "injuries to his head, neck, shoulders, arms, spine, back, central nervous system and a traumatic neurosis", it appears from his verified supplement to petition to open his judgment in the admiralty action that he has worked as an able bodied seaman for long periods of time in 1967 and 1968. In the course of discovery he should specify the nature and times when he was unable to work subsequent to [the trial] due to the injuries sustained on June 18, 1966.

An appropriate order will be entered.