Edward J. HUGNEY, Plaintiff,

v.

CONSOLIDATION COAL COMPANY,
Defendant.

Civ. A. No. 69-1345.

United States District Court,
W. D. Pennsylvania.

May 1, 1973.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Daniel L. Stickler, Rose, Schmidt & Dixon, Pittsburgh, Pa., for defendant.

MEMORANDUM AND ORDER

MARSH, Chief Judge.

After jury trial, a verdict was returned on March 24, 1972, in favor of the defendant, and judgment was entered in favor of the defendant and against the plaintiff, together with costs.[1] On October 27, 1972, the defendant filed a bill of costs in the sum of $284.23. After hearing the parties, the Clerk taxed costs in the amount of $254.43 on February 22, 1973. On February 26, 1973, the plaintiff, Edward J. Hugney, a seaman, moved to review the "action of taxing costs by the Clerk" and objected to the allowance of:

(1) Witness fees of George Douglas —$60;

(2) fees for exemplification of copies of papers—$16.43;

(3) costs incident to taking of depositions—$118;

(4) witness fees of Dr. James S. Davis —$40.

Argument was held on the motion. It is my opinion that the costs should be further reduced by $57.50 and retaxed in

1. Motion for new trial denied by unpublished opinion and order dated July 12, 1972.

the amount of $196.93 against the plaintiff.

These costs arose out of an action instituted by plaintiff against Consolidation Coal Company under the Jones Act and for maintenance and cure, and involved an accident which occurred on June 18, 1966.[2]

■ The plaintiff objects to the taxing of any costs on the ground that he is a seaman, citing Buttimer v. Detroit Sulphite Transp. Co., 39 F.Supp. 222 (E.D.Mich.1941). By statute, 28 U.S.C. § 1916, a seaman is exempt from prepayment of costs; however, it is settled that costs may be taxed against a seaman who has lost his suit. In 2 Norris, The Law of Seamen, pp. 823–824 (2d ed. 1962), it is stated:

> "This statute (28 U.S.C. § 1916) does not exempt the seaman from the payment of any judgment or decree which may be entered against him for costs; and in those instances where the seaman has been unsuccessful in the prosecution of his suit costs may be taxable against him."

See: Gaussen v. United Fruit Company, 317 F.Supp. 813 (S.D.N.Y.1970); Stalker v. Southeastern Oil Delaware, 103 F.Supp. 436 (D.Del.1951); Taylor v. Calmar Steamship Co., 35 F.Supp. 335 (E.D.Pa.1938).

■ It appears that the witness, George Douglas, was an employee of the defendant. He was in attendance for three days at the trial. The defendant called him as a witness on the third day of the trial. It does not appear that Douglas was needed as a witness prior to that day. Hence, his witness fee taxed at $60 will be reduced $40.

■ Fees for photostatic exemplification of copies of papers were lawfully taxed in the amount of $16.43. The exemplifications were necessarily obtained for use at the trial. See: 28 U.S.C. § 1920(4); Peck, Taxation of Costs, 37 F.R.D. 481, 491.

■ The cost of the transcript of the deposition of the plaintiff, taken by the defendant, is lawfully taxable. 28 U.S.C. § 1920(2); Peck, Taxation of Costs, *supra*, pp. 486–487. This deposition was reasonably necessary for defendant's case and was obtained for and used at the trial. However, the cost of an extra copy of the transcript, made for the convenience of the defendant, should not be taxed. Erving Paper Mills v. Hudson-Sharp Machine Co., 271 F.Supp. 1017, 1023 (E.D.Wis.1967); Perlman v. Feldmann, 116 F.Supp. 102, 110 (D.Conn. 1953); 4 Moore's Federal Practice ¶ 26.-82, at p. 26–579 (2d ed.) At the request of the court, the defendant submitted from the reporter who took the deposition a cost breakdown which disclosed that the total cost of the deposition, original and one copy, 70 pages, was $98; attendance of reporter 2½ hours—$20; total costs—$118. The cost of the copy was 25 cents a page or $17.50. Hence, the cost taxed for the transcript of the plaintiff's deposition will be reduced $17.50.

It appears that Dr. James S. Davis was called as a witness for the defendant. He was necessarily in attendance at court for two days. The defendant had no opportunity to call him until the second day. The witness fee taxed for Dr. Davis in the amount of $40 is reasonable and will not be changed.

An appropriate order will be entered.

2. Defendant's motion to dismiss the action was denied. Hugney v. Consolidation Coal Company, 345 F.Supp. 1079 (W.D.Pa. 1971).
Previously, at Admiralty No. 67–370, the plaintiff had instituted an action involving the same accident and recovered damages and maintenance and cure in the amount of $325. See: In Re Consolidation Coal Company, 296 F.Supp. 837 (W.D.Pa.1969). Despite notice, plaintiff did not appear personally for the trial which was conducted by his counsel. Plaintiff's petition to open judgment was denied. See unpublished opinion dated February 26, 1970.