**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**FIFTH AVENUE COACH LINES, INC., et al., Defendants.**

**No. 67 Civ. 4182.**

United States District Court, S. D. New York.

Oct. 16, 1973.

S. Hazard Gillespie, New York City, Trustee, Fifth Avenue Coach Lines, Inc.; Fried, Frank, Harris, Shriver & Jacobson, New York City, for Trustee; Leon

Silverman, Sheldon Raab, New York City, of counsel.

Cleary, Gottlieb, Steen & Hamilton, New York City, for Fifth Avenue Coach Lines, Inc.; Edmund H. Kerr, New York City, of counsel.

Roy M. Cohn, pro se.

ROBERT J. WARD, District Judge.

This application for final allowances of counsel fees and disbursements represents one of the final steps in a protracted action by the Securities and Exchange Commission ("S.E.C."), to enjoin, *inter alia*, violations of the Investment Company Act, 15 U.S.C. § 80a–1 et seq., and to obtain appointment of a receiver for Fifth Avenue Coach Lines, Inc. ("the company") pursuant to § 80a–41(e) of that Act. The action was commenced in October, 1967, trial was held from March through May, 1968, a decision was rendered in July, and S. Hazard Gillespie, Esq. was appointed trustee and receiver (hereinafter "trustee") on August 12, 1968. Pursuant to the order of the court, the trustee retained the firm of Strasser, Spiegelberg, Fried and Frank as counsel to assist in matters connected with the receivership. The legal problems have been numerous, but the receivership ultimately succeeded in its goal, and the company is now operating independently under new management.

Counsel (now Fried, Frank, Harris, Shriver & Jacobson, hereinafter referred to as "the firm") have applied for final allowances of fees for services rendered since December 1, 1969 and for disbursements. (Two interim applications for fees for services and disbursements prior to that date were previously granted by the Hon. Edward C. McLean.) The firm requests a total of $489,924.00 in fees for services, and $27,659.12 for disbursements. The trustee recommends that the application be granted in full. Although counsel to the company (Cleary, Gottlieb, Steen and Hamilton) had reviewed the application and had recommended to the prior management of the company that it be granted in

**1222**

full, the new management requested S.E.
C. review. Thereafter, the S.E.C. advised the court that it takes no position.
Roy M. ·Cohn, as a shareholder, alone
contests the award of fees, contending
that certain of the services of counsel
were unnecessary and wasteful. For
the reasons set forth below, the application is granted in full.

■ The legal principles applicable
to the award of counsel fees in Securities
Act receiverships differ from those in
bankruptcy proceedings in that preservation of assets for creditors is not a
prime concern. S. E. C. v. Charles Plohn
& Co., CCH Fed.Sec.L.Rep., ¶ 93,045
(S.D.N.Y.1971). The court will consider, rather, the complexity of problems
faced, the benefit to the receivership estate, the quality of work performed, and
the time records presented. S. E. C. v.
Tilney & Co., CCH Fed.Sec.L.Rep., ¶ 93,-
642 (S.D.N.Y.1972); *Plohn, supra*. Opposition or acquiescence by the S.E.C.
to the fee application will be given great
weight. The reasonableness of the hourly rate charged is evaluated in the context of the usual fees for similar services
in the community. *Plohn, supra*.

■ Applying these principles to the
instant case, the court finds it eminently
fair and reasonable to award the fees
requested.

The application is based upon meticulous time records and the usual hourly
billing rates of the firm. The average
hourly rate is $48.56. The question of
whether to award fees on this basis was
raised in the two prior fee application
proceedings, and resolved in favor of
the firm. While the prior decisions are
not determinative of the present application, this court is persuaded, as was
Judge McLean, that this rate of payment does not exceed the reasonable value of the services to the receiver-trustee. The firm rendered valuable services
to the trustee as counsel in a wide variety of complex matters, which demanded not simply time but the competence
and diverse resources of a firm of this
calibre, and which resulted in the successful reorganization of the company.
During the fee period the trustee assisted by the firm guided the company
out of numerous legal difficulties: a
tangled relationship with Gray Line was
unraveled; registration under the Investment Company Act of 1940 was accomplished; a new board of directors
was elected after much litigation; diverse lawsuits and administrative proceedings concerning the activities of the
company prior to receivership were prosecuted and defended. The financial position of the company was enhanced
through sale upon advantageous terms
of various affiliated companies, through
processing of tax refund claims, and
through the determination and funding
of the company's pension liabilities.
Finally, the receivership was wound up
and control of the company successfully
transferred to the new management. In
addition to these individual projects of
significant scope, the firm assisted the
trustee with all of the day to day corporate problems of the company. The comprehensive affidavit submitted in support of the fee application details the
intricacies of legal services performed.

Mr. Cohn opposed this application,
both by affidavit and at a hearing held
on May 18, 1973, on the ground that
certain of these services were wasteful
of the company's resources or unsatisfactorily unproductive. He cites primarily those services rendered by counsel in connection with litigation in Gillespie v. Cohn, settlement of intricate
difficulties with Gray Line, settlement
of certain tort claims, a state court condemnation proceeding, and assorted lesser matters. As counsel to the trustee
correctly pointed out, these arangements were explicitly approved, after
careful evaluation, by Judge McLean,
and several of them are not even included in this fee request. After close examination of the fee application and other
affidavits, which the hearing did not
materially supplement, this court is persuaded that the allegations of Mr. Cohn
are without substance.

The application for counsel fees in the
amount of $489,924.00 and disbursements of $27,659.12 is therefore granted
in full.

■ In addition, Milton S. Traubner seeks compensation in the amount of $15,000 and legal fees and disbursements of $11,926.75. Although he concededly spent much time and effort in various matters concerning the company while it was in receivership, those efforts resulted in no particular benefit to the company, and arguably some delay While he may have had the best of intentions, his position is very different from that of the court appointed counsel to the court appointed trustee. In the judgment of the court, it would not be reasonable to compensate Mr. Traubner out of the assets of the company. Accordingly, his application is denied.

Settle order on notice.