528 F.2d 449
 Fed. Sec. L. Rep. P 95,415
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
FIRST SECURITIES COMPANY OF CHICAGO, Defendant.
CUSTOMER CREDITORS COMMITTEE, Claimants-Appellants,
v.
Keith B. McKY, Receiver-Appellee,
and
Olga Hochfelder et al., Escrow Claimants-Appellees.
 No. 75--1866.
 United States Court of Appeals,
Seventh Circuit.
 Argued Dec. 11, 1975.
Decided Jan. 7, 1976.
Rehearing and Rehearing En Banc
Denied Feb. 26, 1976.
 
 Samuel H. Young, Skokie, Ill., for claimants-appellants, Charles Aaron, Michael L. Weissman, Chicago, Ill., for McKy.
 Willard L. King, Alex Elson, Willard J. Lassers, Donald L. Vetter, Joseph N. Morency, Jr., Dennis J. Waldeck, Securities and Exchange Commission, Chicago, Ill., for appellees.
 Before SPRECHER, TONE and BAUER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The difficult issue in this appeal is whether the attorney for a creditors committee is entitled to a fee from a securities law receivership.
 
 
 2
 * The Securities and Exchange Commission commenced this receivership action against First Securities Company of Chicago within a week after Leston B. Nay, its president, committed suicide and left a note stating that the firm was insolvent because of his thefts and the spurious escrow accounts he had created. A week after the action was filed, Keity B. McKy was appointed receiver on June 17, 1968. One day later, attorneys were appointed for the receiver and two days after that Charles A. Bane was appointed as special master to hear claims and other matters pertaining to the receivership estate.
 
 
 3
 The history of the more than seven years of receivership is outlined in S.E.C. v. First Securities Co., 463 F.2d 981 (7th Cir.), Cert. denied sub nom. McKy v. Hochfelder, 409 U.S. 880, 93 S.Ct. 85, 34 L.Ed.2d 134 (1972); S.E.C. v. First Securities Co., 466 F.2d 1035 (7th Cir.), cert. denied sub nom. McKy v. Union Bank & Trust Co., 409 U.S. 1041, 93 S.Ct. 528, 34 L.Ed.2d 491 (1972); and S.E.C. v. First Securities Co., 507 F.2d 417 (7th Cir. 1974).[1]
 
 
 4
 By order dated July 15, 1975, the district court granted the receiver compensation of $47,064 at $30 per hour for the hours devoted to accounting matters and at $15 per hour for the 15 percent of his time devoted to ministerial matters; granted the receiver's attorneys compensation of $197,713.75 at $55 per hour for partners' time and at $25 per hour for associate lawyers' time; and granted the special master compensation of $43,680 at $60 per hour.
 
 
 5
 By the same order, the district court denied compensation to Samuel H. Young, attorney for the Customer Creditors Committee, which committee had been granted leave to file its appearance, not on behalf of the entire class of customer creditors, but as representative of 116 customer creditors named in the order entered on May 14, 1970, but made nunc pro tunc as of September 11, 1969, the date when the committee and its counsel had begun to function in these proceedings.
 
 
 6
 Also, the order of July 15, 1975 ordered that the escrow claimants be granted a partial distribution of 12 1/2 percent of their claims from the estate's general fund.
 
 
 7
 The Customer Creditors Committee has appealed (1) the awarding of $197,713.75 to the receiver's attorneys; (2) the partial distribution of 12 1/2 percent to the escrow claimants; and (3) the denial of compensation to the committee's attorney. The receiver and the Securities and Exchange Commission have filed answering briefs.
 
 II
 
 8
 Both the receiver and the S.E.C. have argued that the disposition of the fee issues will enable the district court to make prompt and final distribution to creditors of all classes, rendering the issue of partial distribution moot. The appealing committee has not questioned this conclusion in its reply brief. We therefore decline to consider the partial distribution issue, it being moot.
 
 III
 
 9
 In awarding $197,713.75 to the receiver's attorneys, the district court reduced the fee sought from $230,000. The S.E.C. has advised us in this regard:
 
 
 10
 The Commission submits that the rates employed by the district court in awarding this allowance were reasonable. We believe that any further reduction of the fees awarded to the receiver's attorneys would be inappropriate in view of the substantial services rendered by them over the seven and one-half years that this proceeding has been pending.
 
 
 11
 In securities law receiverships, the position of the Securities and Exchange Commission in regard to the awarding of fees will be given great weight. S.E.C. v. Fifth Avenue Coach Lines, Inc., 364 F.Supp. 1220, 1222 (S.D.N.Y.1973). Also, in such receiverships the awarding of fees rests in the district judge's discretion, which will not be disturbed unless he has abused it. S.E.C. v. Capital Counsellors, Inc., 512 F.2d 654, 658 (2d Cir. 1975).
 
 
 12
 We find no abuse of discretion in this regard and affirm the awarding of the fee of $197,713.75 to the receiver's attorneys.
 
 IV
 
 13
 The question of the denial of compensation to the attorney for the Customer Creditors Committee is much more difficult to resolve. The committee's attorney now seeks $40,000.
 
 
 14
 Instead of unanimity of opinion among the experts in this case as to what services were performed and for whom, there is diversity of opinion. The special master told the court that he believed that Samuel H. Young was the first attorney to call attention to the application by analogy in these receivership proceedings of Section 60(e) of the Bankruptcy Act, 11 U.S.C. § 96(e), which pertains to the procedure for treating the insolvency of bankrupt stock brokerage firms. The use of Section 60(e) procedure was recommended by the special master, approved and adopted by the district court and affirmed by this court in 507 F.2d 417, at 420.
 
 
 15
 Despite the special master's endorsement of the committee attorney's participation, the district court, after pointing out that the committee was permitted to appear only for certain named creditors rather than for the entire class, stated that the ordinary rule is that 'attorneys representing creditors, security holders, or stockholders must look for compensation to their clients, rather than to the general estate.' The district court found that '(e)ven if it can be concluded that Mr. Young's participation thus benefitted the estate, his services duplicated those of the receiver and may not, therefore, as a matter of law be compensated.'
 
 
 16
 However, in reaching its conclusions, the district court relied to some extent on the S.E.C.'s recommendation 'that Mr. Young take nothing from the estate for the principal reason that Mr. Young's services did not benefit the estate' and his 'efforts duplicated those of the attorney for the receiver.' In this court, the S.E.C., while repeating its belief that there was duplication, said that 'it would be impractical, if not impossible, to determine which brief filed or which argument advanced may have convinced the court of the appropriateness of the asserted positions.' Relying upon the analog of Chapter X reorganization proceedings, the S.E.C. recommended in this court that '$12,000 should serve as the maximum amount of compensation to be granted for the legal services (the committee) provided . . ..'
 
 
 17
 As the district court correctly pointed out, in an ordinary bankruptcy proceeding, once a trustee is appointed no one other than the trustee or his duly authorized attorneys and agents are awarded compensation. In the Matter of Peerless Manufacturing Co., 523 F.2d 110, 112 (7th Cir. 1975); S.E.C. v. Capital Counsellors, Inc., 512 F.2d 654, 658 (2d Cir. 1975); S.E.C. v. Alan F. Hughes, Inc., 481 F.2d 401, 403--405 (2d Cir. 1973). The only exception which would allow compensation to a creditor's attorney is (1) where the trustee has refused or neglected to act, (2) the fee applicant has conferred a tangible benefit on all the creditors by acting in the trustee's stead, and (3) the bankruptcy court must have formally authorized the applicant to act instead of the trustee. In the Matter of Sapphire Steamship Lines, Inc., 509 F.2d 1242 (2d Cir. 1975). All of these conditions have not been met here.
 
 
 18
 On the other hand, as the S.E.C. has correctly pointed out, in a Chapter X reorganization, creditors or shareholders and their counsel who contribute to a plan of reorganization are entitled to be awarded compensation. Section 243 of the Bankruptcy Act, 11 U.S.C. § 643; Young v. Higbee Co.,324 U.S. 204, 212--13, 65 S.Ct. 594, 89 L.Ed. 890 (1945); Dickinson Co. v. Cowan, 309 U.S. 382, 383, 60 S.Ct. 595, 84 L.Ed. 819 (1940); In re TMT Trailer Ferry, Inc., 434 F.2d 804, 806 (5th Cir. 1970); In re Keystone Realty Holding Co., 117 F.2d 1003 (3d Cir. 1941); In re Porto Rican American Tobacco Co., 117 F.2d 599, 601 (2d Cir. 1941); In re Paramount Publix Corp., 85 F.2d 588 (2d Cir. 1936); In re Yuba Consolidated Industries, Inc., 260 F.Supp. 930, 946--51 (N.D.Cal.1966).
 
 
 19
 The S.E.C. argued before us that Chapter X procedure is more analogous to a securities law receivership than ordinary bankruptcy procedure. The receiver responded by pointing out that this receivership was primarily adjudicated by reference to bankruptcy principles and that, in fact, Mr. Young's primary claim for compensation is based upon the application by the district court and approval by this court of Section 60(e) procedure to the receivership.
 
 
 20
 Although this receivership was commenced before Congress enacted the Securities Investor Protection Act of 1970, 15 U.S.C. §§ 78aaa through 78lll, and although the act is not retroactive,[2] it may throw some light on the question of the compensation of creditors' counsel. The act adopts to a large degree the provisions of Section 60(e) and makes them applicable to brokerage house liquidation proceedings under the act. On the other hand, the act incorporates Chapter X in some respects. Section 78eee(b)(2) provides in part:Upon the filing of an application pursuant to subsection (a)(2) of this section (for a decree adjudicating that customers of a broker are in need of protection), the court to which application is made shall have exclusive jurisdiction of the debtor involved and its property wherever located with the powers, to the extent consistent with the purposes of this chapter, of a court of bankruptcy and of a court in a proceeding under Chapter X of the Bankruptcy Act.
 
 Section 78fff(c)(1) provides in part:
 
 21
 Except as inconsistent with the provisions of this chapter and except that in no event shall a plan of reorganization be formulated, a liquidation proceeding shall be conducted in accordance with, and as though it were being conducted under, the provisions of Chapter X and . . . of the provisions . . . of chapter I to VII, inclusive, of the Bankruptcy Act . . ..
 
 
 22
 In S.E.C. v. Aberdeen Securities Co., Inc., 526 F.2d 603 (3d Cir., 1975), the Third Circuit held that in an S.I.P.A. proceeding, Section 243 of Chapter X, 11 U.S.C. § 643, providing for compensation from the estate to creditors and their attorneys, does not apply and that a creditor's attorney could not be compensated under the language of Section 78fff(c)(1). The court concluded that the section incorporated only those Chapter X procedures relating to a 'liquidation proceeding' and that Section 243 did not relate to such a proceeding. The court did not consider the effect of Section 78eee(b)(2) and it remanded the matter to the district court to determine whether the creditor's attorney was entitled to compensation under the 'common fund' doctrine of Sprague v. Ticonic Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). Thus, the present state of the law interpreting S.I.P.A. does not furnish any helpful analogies.[3]
 
 
 23
 In ordinary federal receivership cases, creditors or shareholders and their attorneys may receive compensation in the discretion of the trial judge where they benefit the receivership estate. Godfrey v. Powell, 159 F.2d 330 (5th Cir. 1947). As we have pointed out in part III, in securities law receiverships the awarding of compensation to persons other than trustees or receivers and their counsel, 'is entrusted to the sound discretion of the district judge.' S.E.C. v. Capital Counsellors, Inc., supra at 658. Although the range of the judge's discretion in awarding compensation in receivership cases has been narrowed by Alyeska Pipeline Service Co. v. Wilderness Society,421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1974), where the lower federal courts' 'equitable powers' to award fees, particularly for 'private attorney general' services, were severely limited, nevertheless the power to award compensation under equity still exists. It remains, however, to fit any award into the permissible areas remaining after Alyeska.[4]
 
 
 24
 Insofar as the district court here may have believed that it lacked the power to award fees to a creditor's attorney, it was incorrect. Whether the district judge abused his discretion in failing to award any such fees is a different matter.
 
 
 25
 If the district judge had not relied upon what he thought was the S.E.C.'s recommendation that 'Mr. Young take nothing from the estate,' which is clearly not the S.E.C.'s present recommendation, we would not interfere with the judge's discretion. If the many creditors of this estate, a large portion of whom have not received any part of their claims for seven and one-half years, had not suffered so long, we might be inclined to remand this issue to benefit from the district court's discretion in light of the S.E.C.'s present recommendation that Mr. Young be awarded $12,000. Instead, we feel constrained to dispose of this last issue in these prolonged proceedings as expeditiously as possible.
 
 
 26
 The special master has pointed out that Mr. Young contributed to the procedure of applying Section 60(e), which in turn provides for the establishment of 'a single and separate fund.' Alyeska recognized the continuing viability of the principle of compensating a person who contributes to the preservation or recovery of a common fund. 421 U.S. at 257--58, 95 S.Ct. 1612. Under the equitable principles of securities law receiverships, we believe that it was an abuse of discretion not to award the counsel for the Customer Creditors Committee expenses of $1,933.59 and $12,000 attorney's fees, payable out of the single and separate fund.
 
 
 27
 We affirm the allowance of $197,713.75 to the attorneys for the receiver; we reverse the denial of compensation to the attorney for the Customer Creditors Committee and remand this issue to the district court with instructions to award him $1,933.59 expenses and $12,000 fee; the issue of the partial distribution is moot and need not be decided; and all other motions filed by the parties during the pendency of this appeal are likewise moot and are therefore denied because of mootness.
 
 ON PETITION FOR REHEARING EN BANC
 
 28
 On consideration of the petition for rehearing en banc, no judge in active service having requested a vote thereon, nor any judge having voted to grant the suggestion,
 
 
 29
 It is ordered that the petition for a rehearing en banc be, and the same is hereby, denied.
 
 
 30
 Although no petition for rehearing was filed, the panel has considered the petition for rehearing en banc filed by the receiver and the answer filed by the customer creditors committee as though they constituted a petition and answer for a rehearing.
 
 
 31
 In the panel's opinion of January 7, 1976, concern was expressed for the creditors who have suffered so long without any distribution. In that spirit, the receiver's motion for the immediate issuance of this court's mandate was granted. Thereafter the receiver's motion for a petition for rehearing en banc was filed indicating a concern that the counsel for the committee 'will again appeal to this Court, thereby further delaying the payment of final dividends.'
 
 
 32
 In his answer, counsel for the committee represented as follows to this court:
 
 
 33
 The Customer Creditors Committee is certainly not pleased with the award of $12,000 in attorneys fees for its counsel but it is willing to accept this determination without appeal to expedite the distribution of this estate.
 
 
 34
 Therefore, it is ordered that the petition for rehearing be, and the same is hereby, denied.
 
 
 
 [1]
 Related litigation is reported in Hochfelder v. Midwest Stock Exchange, 503 F.2d 364 (7th Cir.), cert. denied, 419 U.S. 875, 95 S.Ct. 137, 42 L.Ed.2d 114 (1974), and Hochfelder v. Ernst & Ernst, 503 F.2d 1100 (7th Cir. 1974), cert. granted, 421 U.S. 909, 95 S.Ct. 1557, 43 L.Ed.2d 773 (1975)
 
 
 [2]
 S.E.C. v. First Securities Co., 507 F.2d 417, 420 (7th Cir. 1974); Lohf v. Casey, 466 F.2d 618 (10th Cir. 1972)
 
 
 [3]
 Inasmuch as the present case is not governed by the S.I.P.A, we need not decide the issue presented to the Third Circuit, nor need we join in or reject that Circuit's resolution of that issue
 
 
 [4]
 The present receivership complaint was filed by the S.E.C. under Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 778aa, and Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a). Alyeska, of course, permits fee recovery where a specific statutory authority exists. The Supreme Court's opinion includes as examples of such statutory authorization §§ 78i(e) and 78r(a) of the Securities Exchange Act of 1934 and § 77k(e) of the Securities Act of 1933. Alyeska Pipeline Co. v. Wilderness Society, 421 U.S. 240, 260, n. 33, 95 S.Ct. 1612, 44 L.Ed.2d 141. The three sections referred to apply to the awarding of reasonable attorneys' fees against 'either party litigant' and appear in the sections of the securities acts authorizing the filing of suits by private individuals. Ordinarily where, as here, the S.E.C. files the lawsuit or pulls the laboring oar, the 'helpers' are not compensated. See Grace v. Ludwig, 484 F.2d 1262 (2d Cir. 1973). S.I.P.A. also provides that '. . . the provisions of the Securities Exchange Act of 1934 . . . apply as if this chapter constituted an amendment to, and was included as a section of, such Act.' 15 U.S.C. § 78bbb