**Daisy SACK and Bernard Sack, her husband, Plaintiffs,**

v.

**CARNEGIE MELLON UNIVERSITY, Defendant.**

**Civ. A. No. 84–519.**

United States District Court, W.D. Pennsylvania.

July 11, 1985.

Thomas Hollander, Pittsburgh, Pa., for plaintiffs.

David H. Patterson, Pittsburgh, Pa., for defendant.

## MEMORANDUM

MARSH, Senior District Judge.

This matter is before us on the plaintiffs' motion to vacate award of costs. We also have for consideration the defendant's bill of costs.

This case was basically a negligence/falldown case where plaintiffs sought damages for past and future medical expenses, lost earnings, and pain, suffering and inconvenience. The matter was tried before a jury and a special verdict was rendered on April 22, 1985. Judgment for defendant, Carnegie Mellon University, and against plaintiffs was entered on April 23, 1985.

Defendant presented an offer of judgment pursuant to Rule 68, Fed.R.Civ.P. on April 4, 1985 eleven (11) days prior to the start of trial. Said offer of judgment in pertinent part reads as follows:

"Pursuant to Rule 68 ... defendant hereby offers to allow judgment to be taken against it in this action in the amount of fifteen thousand dollars ($15,000.00) together with costs accrued to date...."

### Attorney's Fees

The offer of judgment did not itemize the costs or specifically mention attorney's fees. However, a motion for costs pursuant to Rule 68 was filed by defendant on April 25, 1985 seeking, inter alia, $6,300.00 for counsel fees. Plaintiffs filed a motion to strike defendant's motion for costs and the court entered an order granting said motion on May 7, 1985. As part of said order, the court required defendant to file a verified bill of costs pursuant to 28 U.S.C. §§ 1920 and 1924. *Cf. Mason v. Belieu,* 543 F.2d 215, 222 (D.C.Cir.1976).

At oral argument on the plaintiffs' motion to vacate award of costs and defendant's bill of costs, counsel for defendant conceded that an award of attorney's fees is discretionary with the court under Rule 68, Fed.R.Civ.P. Our attention has been called to a ruling by Judge Donald E. Ziegler in a civil matter before this district court in the case of *Smith v. Edward J. Gaialanella, et al.,* Civil Action No. 82–2118 (Docket No. 54) wherein the court entered an order denying attorney's fees sought by defendants subsequent to an offer of judgment and a jury verdict less favorable to plaintiff than said offer.

This court has also reviewed a number of cases where attorney's fees were sought and we do not find any trend toward granting attorney's fees other than in cases where there is statutory authority to award said fees. See, for example: *Pigeaud v. McLaren,* 699 F.2d 401, 403 (7th Cir.1983) [civil rights case involving attorney's fees under 42 U.S.C. § 1988 and Rules 68 and 54(d) ]; *P. Mastrippolito and Sons, Inc. v. Joseph,* 692 F.2d 1384, 1387 (3rd Cir.1982); *Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087 (5th Cir.1982) [attorney's fees awarded to prevailing party in an antitrust action]; *Quy v. Air America, Inc.,* 667 F.2d 1059 (D.C.Cir.1981); *Northcross v. Board of Ed. of Memphis City Schools,* 611 F.2d 624 (6th Cir.1979) [Attorney's Fees Awards Act, 42 U.S.C. § 1988]; *Nat. Ass'n of Letter Carrier's v. U.S. Postal Serv.,* 590 F.2d 1171 (D.C.Cir.1978) [attorney's fees not awarded in a case under the Postal Reorganization Act and Labor Relations Act, 29 U.S.C. § 185.]; *Hughes v. Repko,* 578 F.2d 483 (3rd Cir.1978) [involving attorney's fees in civil rights litigation under 42 U.S.C. § 1988].

The court in *Pigeaud, supra,* at p. 403, noted that "the definition of 'costs' in Rule 54(d) does not include attorney's fees."

We are also of the opinion that the dictates of the "American Rule" do not provide for the award of attorney's fees unless specifically authorized by statute. *Alyeska Pipeline Co. v. Wilderness Socie-*

*ty,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975); *Gradmann & Holler GMBH v. Continental Lines,* 679 F.2d 272 (1st Cir.1982); *S.E.C. v. Aberdeen Securities Co., Inc.,* 526 F.2d 603, 606–607 (3rd Cir.1975), [involving the "common fund" doctrine for award of attorney's fees]. In discussing the award of attorney's fees, the court in *Alyeska, supra,* 421 U.S. at pp. 257–259, 95 S.Ct. at pp. 1621–1622, set forth four situations where an award of attorney's fees would be proper: (1) a contract or statute granting a right to attorney's fees; (2) the conferring of a common benefit by the recovery of a fund or property; (3) wilful disobedience of a court order; and (4) a finding that the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. This court has addressed the last situation in the case of *Milo Messenger v. Bucyrus-Erie Co.,* at Civil Action No. 79–1684 [an unpublished opinion involving 28 U.S.C. § 1927 dated February 4, 1982]. However the case *sub judice* is apposite to the issue in *Messenger, supra.*

We have also reviewed the opinion of Justice Stevens in the case of *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981). In *Delta Air Lines,* the Supreme Court analyzed the effects of Rule 68 based upon three possible outcomes of civil litigation judgments. These judgments were enumerated by the Court as follows:

> "(1) a judgment in favor of the defendant; (2) a judgment in favor of the plaintiff for an amount less than the defendant's settlement offer; or (3) a judgment for the plaintiff for an amount greater than the settlement offer."

The Supreme Court analyzed said judgments to determine "which of these three situations is described by the words 'judgment finally obtained by the offeree ... not more favorable than the offer.'" Rule 68, Fed.R.Civ.P.; *Delta Air Lines, supra,* at p. 351, 101 S.Ct. at p. 1149.

The Supreme Court then went on with its analysis of Rule 68 and concluded that:

> "... if we limit our analysis to the text of the Rule itself, it is clear that it applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It simply is inapplicable to this case [Delta Air Lines] because it was the defendant that obtained the judgment."

Our view of the holding in *Delta Air Lines, supra,* leads us to conclude that Rule 68 is inapplicable to the situation presented by our case since the judgment entered here was "for defendant" and plaintiff received no monetary award.

■ We are, therefore, guided by the discretion given to the court under Rule 54(d), Fed.R.Civ.P., and the provisions of 28 U.S.C. § 1920 et seq. and cases decided thereunder in deciding which costs this court should award to defendant as the "prevailing party."

Based upon the above analysis, we shall not award as costs the $6,300.00 sought by defendant as attorney's fees.

### *Other Costs Enumerated in Defendant's Bill of Costs*

During the course of the plaintiff's case-in-chief, plaintiff proffered to present the videotape deposition of Doctor Edward Amorosi, plaintiff's treating physician, who was deposed in New York upon notice by counsel for defendant. At the time of the offered testimony in plaintiff's case, defendant objected to the use of the deposition by plaintiffs in their case. The court ruled that plaintiff could utilize the videotape deposition if plaintiffs paid to defendant the costs of the taking of said deposition and the deposition was, therefore, shown to the jury. A ruling on whether or not plaintiffs should also pay for the travel expenses, meals and lodging of defense counsel incident to the taking of the deposition was taken under advisement.

Defendant's bill of costs seeks $400.00 for the actual taking of the videotape by the videotaping service, $500.00 as an expert witness fee, $506.79 for transportation, hotel and meals for counsel for de-

fendant, and $646.50 for a court reporter's transcript of the deposition. Plaintiffs seek a vacation of this court's trial order awarding costs for the taking of the deposition on the basis that such an award is inconsistent with Rule 32(a)(1), Fed.R. Civ.P., which provides that:

"[a]ny deposition may be used by any party for the purpose of contradicting or. impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence."

While we do not disagree with the purposes of Rule 32(a)(1) we have reviewed a number of cases where the costs of depositions and expert witness fees have been taxed as costs where said expenditures were necessary for the litigation. *Fahey v. Carty,* 102 F.R.D. 751, 753 (D.N.J.1983) citing *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201, 206 (3rd Cir.1981).

■ Under the circumstances at trial leading up to the use of the videotape deposition of Doctor Amorosi by plaintiffs in their case, we feel it is within our discretion to award the doctor's fee. However, for reasons stated further in this opinion, we shall not tax the cost of the court reporter's transcript of Doctor Amorosi's deposition. *Cf., Quy v. Air America, Inc., supra,* at p. 1067.

In *Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235, 85 S.Ct. 411, 416, 13 L.Ed.2d 248 (1964), the Supreme Court discussed taxing costs under Rule 54(d) where an exorbitant bill of costs was involved as follows:

"We think that under the circumstances, Judge Weinfeld could not be charged with any improper exercise of the discretion vested in him by Rule 54(d). *We do not read that Rule as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs*

*should always be given careful scrutiny.* Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. *Therefore the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute."* (Emphasis supplied.)

Keeping the words of the Supreme Court in *Farmer* in mind and upon review of other cases dealing with deposition costs, we shall allow the defendant to recover the videotaping services fee ($400.00) and the expert witness fee ($500.00) for the deposition of Doctor Amorosi. *Mastrapas v. New York Life Ins. Co.,* 93 F.R.D. 401 (E.D. Mich.1981). We shall not award defendant expenses sought for travel, meals and lodging of counsel. *In re Penn Central Transportation Co.* 630 F.2d 183, 188 (3rd Cir.1980); *Evans v. Fuller,* 94 F.R.D. 311, 314 (W.D.Ark.1982); *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F.Supp. 985 (N.D.Ga.1982); *Dittler Brothers Inc. v. Allendale Mutual Ins. Co.,* 509 F.Supp. 514 (N.D.Ga.1981); *Norman v. United States,* 74 F.R.D. 637 (D.Del.1977); *Wahl v. Carrier Manufacturing Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975); and *Kiefel v. Las Vegas Hacienda Inc.,* 404 F.2d 1163, 1170 (7th Cir.1968).[1] Nor shall we award defendant the $646.50 requested for a court reporter's transcript of the videotape deposition. We feel the original transcript is the videotape and said videotape is the best record of the doctor's testimony. The videotape is part of the record in this case and is held with the exhibits by the Office of the Clerk of Courts for one (1) year from the date it was played into the record. The court reporter's transcript was a copy made for the convenience of counsel. *Hugney v. Con-*

---

**1.** See generally *Taxation of Costs and Awards of Expenses in Federal Court,* Laura B. Bartell, 101

F.R.D. 553 (1984).

*solidation Coal Corporation,* 59 F.R.D. 258 (W.D.Pa.1973).

■ The witness fees and mileage for Leonard Harris and William Adamson will be awarded in the amount of $70.00. Said expenses are specifically enumerated as recoverable costs in 28 U.S.C. § 1821. *Lockett v. Hellenic Sea Transports, Ltd.,* 60 F.R.D. 469 (E.D.Pa.1973); *Hugney, supra,* at p. 259; and see generally *Taxation of Costs and Awards of Expenses in Federal Court,* 101 F.R.D. 553, 575–576 (1984). The funds sought in the amount of $100.00 for an investigator to locate and subpoena medical witnesses will not be taxed as costs. *Cf. Trans World Air Lines, Inc. v. Hughes,* 312 F.Supp. 478, 485 (S.D.N.Y. 1970); *Marquez v. American Export Lines,* 41 F.R.D. 386, 387 (S.D.N.Y.1967).

■ Defendant also seeks $17.50 for a partial daily trial transcript of the wife plaintiff, Daisy Sack. This amount shall be allowed since we feel that the use of the testimony transcribed was necessary for use in defendant's case. *Sun Ship, Inc. v. Lehman,* 655 F.2d 1311, 1318 note 48 (D.C. Cir.1981). Cf. *Moe v. Avions Marcel Dassault-Breguet Aviation,* 727 F.2d 917, 935 (10th Cir.1984); *Studiengesellschaft Kohle v. Eastman Kodak,* 713 F.2d 128, 133 (5th Cir.1983).

To summarize, defendant shall be awarded costs in the total amount of $987.50 for the videotape deposition of Doctor Amorosi ($900.00), witness fees and mileage ($70.00) and the expense of a partial daily trial transcript of wife plaintiff, Daisy Sack ($17.50).

The requested amount for attorney's fees ($6,300.00) for an investigator ($100.00), for a court reporter's transcript of the videotape deposition of Doctor Edward Amorosi ($646.50) and for defense counsel's travel, meals and lodging expenses incurred in the taping of Doctor Amorosi's deposition ($506.79) shall be disallowed.

An appropriate order will be entered.