**Edward H. FAHEY, Jr., Plaintiff,**

v.

**Catherine CARTY, Defendant.**

Civ. A. No. 80–2531.

United States District Court,
D. New Jersey.

May 20, 1983.

752

Sacharow, Ruggierio & LeBon by William S. Ruggierio, Marlton, N.J., for plaintiff.

Green & Lundgren by Peter P. Green, Haddonfield, N.J., for defendant.

## OPINION

BISSELL, District Judge.

The instant case arose out of a suit filed by plaintiff Fahey against defendant Carty seeking relief for personal injuries sustained in an automobile accident. After completion of trial, a jury verdict was rendered in favor of plaintiff, fixing liability on the personal injury claim at 80%/20% against defendant. This resulted in a net award to plaintiff of $4000 to which was added $798 for property damage. The matter is presently before this Court on defendant's motion to deny plaintiff's application for taxation of costs.

Plaintiff requests $1,735.23 as costs and sets forth in detail the expenditures that constitute this figure. Defendant opposes this application, essentially arguing that costs should not be awarded because plaintiff recovered an amount substantially lower than the damages claimed. Alternatively, defendant states that should costs be awarded plaintiff, they should not include the fee for plaintiff's expert witness nor

the cost of plaintiff's air fare for appearing at a deposition noticed by defendant.

■■■ I. Defendant's first argument is not persuasive. Rule 54(d) of the *Federal Rules of Civil Procedure* instructs that "costs shall be allowed as of course to the prevailing party unless the court otherwise directs ...." Although this leaves the assessment of costs to the discretion of the court, "prevailing plaintiffs presumptively will obtain costs under Rule 54(d) ... [b]ecause costs are usually assessed against the losing party [and are a] normal incident of defeat." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). Moreover, the fact that a party may allege damages far in excess of those he eventually recovers does not, in and of itself, mandate a denial of costs. "It has been repeatedly held that a plaintiff was a 'prevailing' party within the meaning of [Rule 54(d) ] and entitled to costs even though he sustained only a portion of his claim." *Brown v. Consolidated Fisheries Co.,* 18 F.R.D. 433, 435 (D.Del.1955). *See also: K–2 Ski Co. v. Head Ski Co., Inc.,* 506 F.2d 471, 477 (9th Cir.1974), where the court dismissed defendant's contention that since plaintiff prevailed on only two of twelve counts of its complaint, certain costs should be divided between the parties. The court assessed costs solely against defendant, noting that

in general, a party in whose favor judgment is rendered by the district court is the prevailing party ... Although a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party.

(Quoting 6 Moore, Federal Practice ¶ 54.-70[4], at 1306–1307 (2d ed. 1974)). In the case at bar, plaintiff clearly is the prevailing party. Despite the fact that he recovered less than the damages alleged, he may recover costs.

■■■ II. Defendant's alternative argument presents a more tenable position. First, she contends that this Court is without the authority to tax costs for the compensation of expert witnesses in excess of

statutory allowances for attendance, mileage and subsistence. In support of this position, defendant cites 28 U.S.C.A. § 1821 and Rule 23G of the General Rules of this Court. Further, defendant points to cases originating in the Fifth Circuit for the proposition that only in exceptional circumstances may the losing party be assessed expert fees. The Third Circuit has also held that a district court is vested with some discretion to award such costs. In *Roberts v. S.S. Kyriakoula D. Lemos*, 651 F.2d 201, 206 (3d Cir.1981), the court was faced with reconciling 28 U.S.C.A. § 1821 with Local Rule 6.1 B(4) of the District of Delaware. This rule stated that when the testimony of an expert "played a crucial role in the resolution of the issues presented," the district court could, in its discretion, award expert fees as costs. The court, basing its decision on the Eighth Circuit's ruling in *Welsch v. Likins*, 68 F.R.D. 589 (D.Minn.1975), and *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) (a Rule 54(d) decision), found that under 28 U.S.C. § 1821 and *Fed.R.Civ.P.* 54(d):

> A district court should therefore carefully scrutinize the prevailing party's bill of costs in order to assure that any award will compensate only those expenditures necessary to the litigation. While *Farmer* demands perhaps a tight-fisted exercise of discretion in order to ensure moderation in the cost of litigation, it does not mandate parsimony to the extent of precluding recovery of legitimate and indispensable litigation expenditures.

*Roberts*, 651 F.2d at 206.

Unlike the Delaware rule, the applicable General Rule of this Court does not address directly the subject of fees for expert witnesses. Local Rule 23G(1) states: "The fees of witnesses for actual and proper attendance shall be allowed, whether such attendance was voluntary or procured by subpoena." By its very terms, that rule addresses merely the subject of witnesses' statutory attendance fees, not the fees or charges of an expert witness which usually include pretrial efforts as well as an appearance and testimony. An argument could be made that the Court in *Roberts* was merely determining whether the Delaware rule was valid, hence, *Roberts* would provide no authority for the allowance of experts' fees in a District where a rule such as Delaware's does not exist. This Court determines, however, that *Roberts* also stands for the proposition that, even in the absence of such an express local rule, a district court may tax expert fees and costs "when expert testimony is indispensable to determination of the case". *Roberts*, 651 F.2d at 206. Indeed, our Local Rule 23G does not strictly limit taxable costs to its seven enumerated subparagraphs. Those provisions are "general rules" to be followed by the Clerk "[u]nless otherwise ordered by the Court". *Ibid.* Accordingly, this Court must determine whether the testimony of Doctor James Nelson is to be considered so necessary or "indispensable" in this action as to warrant an award to plaintiff of the requested expert fee of $750.00.

Plaintiff's injuries in this matter were essentially neurological, orthopedic and psychological resulting from striking his head on the windshield and his chest on the steering wheel of his car. His expert witness, Doctor Nelson, board eligible in neurology and board certified in psychology, treated plaintiff for his injuries in the accident (before plaintiff moved to Florida) and examined him again, several years later, in February 1982. Doctor Nelson had also treated plaintiff for similar complaints, due to preexisting conditions, for several years before the accident in question. He testified that plaintiff's post-concussion syndrome after the accident exacerbated and prolonged such conditions as dizziness, headaches, nervousness, irritability, lack of energy and similar maladies which plaintiff had also experienced because of a preexisting injury (a sub-arachnoid hemorrhage). As the treating physician, familiar with plaintiff's present complaints and past history, and a specialist in the discipline relevant to plaintiff's injuries, Doctor Nelson was indeed indispensable to the presentation of plaintiff's claimed injuries and their

causation. The fact that the jury evaluated the injuries caused or exacerbated by the present accident at a figure of only $5,000 may indicate diminished weight attached to Doctor Nelson's testimony, but does not impugn its necessity.

By no means would this Court assert that every medical witness called by a litigant is "indispensable" because of his expertise alone. In the case at bar, however, considering the particular significance of Doctor Nelson's testimony, this Court determines that, under the teaching of *Roberts,* that expert's fees of $750.00 should be allowed.

■ Plaintiff's request to tax defendant with his cost of $243.00 for appearing at a deposition noticed by defendant should not be permitted. Local Rule 23(G)(2) states, in pertinent part, that unless otherwise ordered by the Court, "[w]itness fees shall not be allowed to parties to an action ..." Again, the decision to award this cost is within the Court's discretion. However, there was nothing extraordinary or exceptional about plaintiff traveling from Florida to New Jersey to give a deposition noticed by his adversary. Therefore, Local Rule 23(G)(2) should be followed, and this request for "costs" is denied.

*Summary:*

All costs sought by plaintiff in his Application for the Taxation of Costs, filed March 29, 1983, are to be allowed and taxed with the exception of the air fare of plaintiff concerning his deposition. Those allowable costs total $1492.23. An order has today been entered by the Court directing the Clerk to tax said costs.