**Donald A. McMILLAN, Sr., Plaintiff,**

v.

**UNITED STATES of America, Defendant and Counterclaim Plaintiff,**

v.

**Donald A. McMILLAN, Jr., and Joseph W. Kolbe, Counterclaim Defendants.**

No. 1:90–CV–798.

United States District Court, W.D. Michigan. Southern Division.

March 8, 1995.

Opinion Denying Reconsideration May 17, 1995.

David A. Ward, Ward & Metti, PC, Chicago, IL, for plaintiff.

Agnes M. Kemper–Cloyd, Asst. U.S. Atty., Grand Rapids, MI, Mark D. Lansing, U.S. Dept. of Justice, Washington, DC, for defendant U.S.

Martha B. Goodloe, Bodman, Longley & Dahling, Troy, MI, for defendant Kolbe.

## *MEMORANDUM OPINION*

McKEAGUE, District Judge.

Now before the Court are the Reports and Recommendations filed by United States Magistrate Judge Joseph G. Scoville on July

26 and 27, 1994 (docket nos. 162 and 163), in regard to counterclaim defendant Joseph W. Kolbe's motion for costs and attorney's fees. The magistrate judge recommended granting Kolbe's motion for costs and denying his motion for attorney's fees. The Court has received objections from the government and Kolbe. Therefore, in accordance with 28 U.S.C. § 636(b)(1), the Court has undertaken a *de novo* review of those portions of the Reports and Recommendations to which objections have been made and, for the following reasons, finds the objections to be without merit.

In response to the magistrate judge's recommendation that Kolbe be awarded costs, the government simply "disagrees with the Report's conclusion that the legal and factual issues in this case were not close and difficult." The Court, however, considers the magistrate judge's analysis of this issue accurate and well-reasoned, and expressly adopts it as the holding of the Court.

The government acknowledges that this Court has entered a final judgment as to counterclaim defendant Kolbe. Notwithstanding this fact, however, the government argues that "as a practical matter, any award of costs at this time is premature" because this "judgment is currently on appeal to the Sixth Circuit." No authority is cited in support of this argument and the Court is not aware of any such authority.

Accordingly, the Court expressly adopts the Report and Recommendation of the magistrate judge (docket no. 162) in regard to Kolbe's motion for costs. Judgment will be entered on behalf of Kolbe and against the government in the amount of $3,431.63 in taxable costs plus statutory interest from the date of judgment.

The Court now turns to Kolbe's objections to the magistrate judge's recommendation that the motion for attorney's fees be denied. This recommendation is based solely on Kolbe's failure to exhaust his administrative remedies as required by 26 U.S.C. § 7430(b)(1). In response, Kolbe argues that he was not required to exhaust his administrative remedies for two reasons.

First, relying on *Rutledge v. United States,* 92–2 U.S.T.C. ¶ 50,406, 1992 WL 402075 (1992), Kolbe argues that because the regulation addressing the exhaustion requirement [1] had expired and not been renewed at the time the government filed its counterclaim against him, he was not required to exhaust his administrative remedies. However, the instant case is easily distinguishable from the *Rutledge* case.

In *Rutledge,* the substantive source of the administrative remedy at issue was the relevant Treasury Regulation. Therefore, because a relevant regulation was not in effect, the party in *Rutledge* had no administrative remedy available to him. In the instant case, however, the substantive source of the exhaustion requirement is the statute itself, 26 U.S.C. § 7430(b)(1), not the regulation. "Treasury Regulation § 301.7430 does not create the requirement for administrative exhaustion, nor does it provide the mechanism for administrative review." *Kenlin Industries, Inc. v. United States,* 927 F.2d 782, 788 (4th Cir.1991). Kolbe's argument on this basis is unavailing.

Kolbe next argues that he was not required to exhaust his administrative remedies because the government brought the claim against him. As a matter of statutory interpretation, this argument is frivolous. As the magistrate judge correctly noted, § 7430 expressly applies to proceedings brought "*by* or against the United States." 26 U.S.C. § 7430(a) (emphasis added). And furthermore, the caselaw relied on by Kolbe for this argument is again easily distinguishable from the instant case.

Kolbe cites *In re Brickell Investment Corp.,* 922 F.2d 696 (11th Cir.1991). In that case, the Eleventh Circuit excused the failure to exhaust because "there were no administrative remedies available to the debtors." *Id.* at 704. The obvious difference, however, is that in *Brickell* the parties had filed a bankruptcy petition before the IRS filed its proofs of claim. Therefore, "[t]he debtors' only remedy was the remedy they pursued, which was to object to the proofs of claim

1. 26 C.F.R. § 301.7430–1.

under the Bankruptcy Code Rules. It was this action in which the debtors prevailed ... and which was the basis for the attorney's fee award." *Id.* In the instant case, it is the Internal Revenue Code (IRC) that controls and the IRC requires exhaustion of administrative remedies. 26 U.S.C. § 7430(b)(1).

The Court, therefore, also adopts the Report and Recommendation in regard to attorney's fees (docket no. 163) as the opinion of the Court.

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND APPLICATION FOR APPELLATE FEES AND COSTS

■ Now before the Court is counterclaim defendant Joseph W. Kolbe's motion for reconsideration (docket no. 174) of the Court's March 8, 1995 opinion and order which, in relevant part, denied Kolbe attorney's fees for failure to exhaust his administrative remedies as required by 26 U.S.C. § 7430(b)(1). Also before the Court is Kolbe's application for appellate fees and costs (docket no. 168) "incurred by him in connection with his defense of the government's appeal and his response to the government's continued opposition to his fee requests."

In its March 8, 1995 opinion in this case, the Court noted that Kolbe adduced two bases for his argument that he was not required to exhaust his administrative remedies. The Court stated his first basis as follows:

> First, relying on *Rutledge v. United States,* 92–2 U.S.T.C. ¶ 50,406, 1992 WL 402075 (1992), Kolbe argues that because the regulation addressing the exhaustion requirement[1] had expired and not been renewed at the time the government filed its counterclaim against him, he was not required to exhaust his administrative remedies.

[1] 26 C.F.R. § 301.7430–1.

March 8, 1995 Opinion, p. 410. In his motion for reconsideration, Kolbe asserts he did not make this argument. In response, the Court simply notes the following excerpt from Kolbe's relevant pleading:

> Mr. Kolbe was not required to make a written request for an appeals conference within 30 days after receiving his assessment notice because, after January 1, 1986, there were no regulations in place under § 7430 imposing such a requirement. The Tax Court has recognized that a taxpayer need not pursue administrative remedies where the regulations do not apply to the time period in which the suit was filed. *Rutledge v. United States,* 92–2 U.S.T.C. ¶ 50,406, 1992 WL 402075 (1992). In our case, the regulations relied upon by the IRS applied only to civil proceedings filed between February 28, 1983 and January 1, 1986. 26 C.F.R. 301.7430–1(h). The IRS itself admits that these regulations were not binding on Mr. Kolbe because they had expired.

Counterclaim defendant Joseph Kolbe's Objections to Report and Recommendation Regarding Application for Fees and Expenses, p. 4. The Court reaffirms its previous characterization of Kolbe's argument and also reaffirms its conclusion that "the instant case is easily distinguishable from the *Rutledge* case." March 8, 1995 Opinion, p. 410. This argument is still unavailing.

■ Next, relying on *Christensen v. United States,* 815 F.Supp. 786 (D.Del.1993), Kolbe argues that the regulations which were in effect at the relevant time required only an oral request for an appeals conference and correctly notes it is undisputed that he made such a request. Therefore, he concludes, "whether his written protest was timely filed was simply immaterial." Brief in support of motion for reconsideration, p. 5. In reaching this conclusion, Kolbe relies on his assertion that the Internal Revenue Service ("IRS") conducted an "office examination" of Kolbe rather than a "field examination." It is undisputed that an oral request is sufficient to assert the taxpayer's right to appeal an office examination, and it is equally undisputed that appeals of field examinations require a written request. Kolbe argues that "the government makes no claim that this was anything other than an 'office interview and correspondence case' and concedes that Mr. Kolbe made the required oral protest on a timely basis." Brief in support, p. 4. In fact, it was never clear from the record what type of examination was actually conducted in this case. However, the Court is now in receipt

of the declaration[1] of Kurt Hein, the IRS Revenue Officer who conducted the investigation in the instant case. Officer Hein states that a field investigation was conducted in this case. Therefore, a timely written request was required. Because the record does not show that Kolbe complied with this requirement, the Court reaffirms its previous denial of Kolbe's motion for attorney's fees.

■ Finally, relying on *Pomeroy v. United States*, 87–1 U.S.T.C. ¶ 9329, 1987 WL 15466 (S.D.W.Va.1987), Kolbe argues that the government waived the exhaustion requirement in this case by impleading him in a pending suit. After review of the case cited by Kolbe, the Court concludes it is readily distinguishable.

In *Pomeroy,* the district court excused the exhaustion requirement as to one of the parties because her "opportunity to exhaust her remedies was foreshortened by her being thrust involuntarily into pending litigation, and further, the agency effectively made its decision that she was liable for the penalty assessment when [she] was impleaded." In the instant case, Kolbe was afforded the entire period during which he could have properly asserted his right to appeal the agency's assessment. As already noted, it is Kolbe's failure to file a timely written request for an appeals conference during this period that precludes the award of attorney's fees he seeks. There was no foreshortening of his opportunity to exhaust his administrative remedies.

For all the foregoing reasons, the Court **REAFFIRMS** its March 8, 1995 Opinion and Order denying Kolbe's motion for attorney's fees. And because his application for appellate fees and costs is governed by the same statute requiring exhaustion of administrative remedies, 26 U.S.C. § 7430, that application will also be **DENIED**.

### REPORT AND RECOMMENDATION ON MOTION FOR TAXATION OF COSTS

SCOVILLE, United States Magistrate Judge.

This was a tax case. The case arises from payroll taxes that should have been remitted by Helfrecht Machine Company. Donald A. McMillan brought this action against the United States. The United States counterclaimed against Donald A. McMillan, Sr., as well as Donald A. McMillan, Jr. and Joseph W. Kolbe. The McMillans owned and operated Helfrecht, while Kolbe served as a financial advisor. The government's claim against Kolbe alleged that he was a responsible person within the meaning of 26 U.S.C. § 6672 and therefore required to collect, truthfully account for or pay over the withheld income and FICA taxes due and owing from Helfrecht for the third and fourth quarters of 1983. Following several motions by Kolbe, the court granted his motion for summary judgment on June 29, 1992, finding as a matter of law that Kolbe was not a responsible person, either as an officer or director, within the meaning of 26 U.S.C. § 6672.

Kolbe timely submitted a Bill of Costs requesting expenses for service of deposition subpoenas in the amount of $39.33, fees of the court reporter for the taking of depositions in the amount of $2,192.02, fees and disbursements for printing in the amount of $189.78, fees for witnesses in the amount of $280.00, fees for "exemplification and copies of papers necessarily obtained for use in the case" in the amount of $558.50, $42.50 in docket fees, and "other costs" in the amount of $1,176.50, for a total of $4,478.63.

The matter has been referred to me. Magistrate judges have the authority to review post-trial motions for the assessment of fees by report and recommendation. Fed. R.Civ.P. 54(d)(2)(D); *see Massey v. City of Ferndale,* 7 F.3d 506, 510 (6th Cir.1993). For the reasons set forth below, I find that Kolbe is entitled to fees for service of deposition subpoenas, fees of the court reporter for taking of depositions, fees and disbursements for printing, fees for witnesses, docket fees, and certain other expenses under 28 U.S.C. §§ 1821 and 1920.

### DISCUSSION
#### A. General Standards for Costs

28 U.S.C. § 2412(a) makes the United States liable for costs as any private litigant.

---

1. This declaration is submitted pursuant to and in compliance with 28 U.S.C. § 1746. There-fore, it is the equivalent of a sworn declaration.

See National Truck Equipment Assoc. v. Nat'l Highway Traffic Safety Admin., 972 F.2d 669, 674 (6th Cir.1992); Wyandotte Sav. Bank v. N.L.R.B., 682 F.2d 119, 120 (6th Cir.1982); Liberty National Life Insurance Co. v. United States, 463 F.2d 1027, 1032 (5th Cir.1972); Moore's Federal Practice ¶ 54,75 [3.–2]. Rule 54(d) of the Federal Rules of Civil Procedure provides that costs shall be awarded as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by the law.

The language of Rule 54(d) "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion of the trial court." White & White Inc. v. American Hospital Supply Corp., 786 F.2d 728, 730 (6th Cir.1986). Concerning the award of costs, the Sixth Circuit has stated:

> The rule establishes a norm of action: prevailing parties are entitled to their costs as of course. Departures from the rule are permitted; however, when rules prescribe a course of action as the norm but allow the district court to deviate from it, the court's discretion is more limited than it would be if the rule were nondirective.
>
> Before the district court, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party.

Goostree v. Tennessee, 796 F.2d 854, 863 (6th Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1374, 94 L.Ed.2d 689 (1987) (citations omitted).

### B. *Propriety of Cost Award*

The Sixth Circuit has determined that costs are properly denied in the following general areas:

1. where taxable expenditures by the prevailing party are unnecessary or unreasonably large;

2. where the prevailing party should be penalized for unnecessarily prolonging trial of for injecting unmeritorious issues; and

3. where the case is close and difficult.

Goostree, 796 F.2d at 864; see Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund, 760 F.Supp. 665, 670 (W.D.Mich.1991).

The United States argues that these principles should bar an award of costs on two grounds. First, the government asserts that a final judgment has not been entered, thus rendering an award of costs premature. Since the time the government filed its brief, Judge McKeague has entered a final judgment (docket no. 142). Consequently, this argument is no longer valid.

Second, the government claims that the legal and factual issues were "close and difficult". In defining close and difficult, the Sixth Circuit has explained:

> The closeness of a case is not judged by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.

Goostree, 796 F.2d at 864 (quoting White & White, 786 F.2d at 732–33).

The legal and factual issues of this case were not close and difficult. The circuit courts of appeals, including the Sixth Circuit, have defined the responsible person as one who has discretion, of any degree, over the disbursement of funds of a corporation. See Gephart v. United States, 818 F.2d 469, 473 (6th Cir.1987). Among the specific facts which courts have relied upon in determining whether individuals were persons responsible for the payment of taxes withheld from the wages of employees are: (1) the duties of the officer as outlined by the corporate by-laws; (2) the ability of the individual to sign checks of the corporation; (3) the identity of the officers, directors, and shareholders of the corporation; (4) the identity of the individuals who hired and fired employees; (5) the identity of the individuals who were in control of the financial affairs of the corporation. See Braden v. United States, 318 F.Supp. 1189, 1194 (S.D.Ohio 1970), aff'd 442 F.2d 342

(6th Cir.), *cert. denied,* 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185 (1971).

During the relevant time period, Kolbe did meet with Helfrecht's director of purchasing and discuss which trade vendors should be paid. However, Kolbe could not order a check to be issued, could not sign a check, and did not make recommendations to McMillan, Jr. as to which creditor should be paid. Kolbe was neither an officer or shareholder of the corporation. He did not possess an ownership interest. Kolbe never reviewed payroll checks or payments to utilities. There is no evidence that Kolbe possessed responsibility for daily operations or administration of the business. As Judge McKeague remarked in a recent opinion:

> [T]he inclusion of an outside financial consultant in the realm of statutorily responsible persons would certainly have a deleterious effect upon the willingness of financial experts to provide the expertise needed to salvage a company in distress.

Consequently, I conclude that the United States has not advanced any reason sufficient to overcome the usual presumption in favor of a cost award to the prevailing party.

## C. *Taxable Costs*

Taxable costs are generally governed by Chapter 123 of the Federal Judicial Code, 28 U.S.C. §§ 1911–1929. Items of taxable costs are enumerated in 28 U.S.C. § 1920. Kolbe is entitled to costs under that section as follows.

(1) *Fees of the Clerk and Marshal.*

None requested.

(2) *Fees of the Court Reporter for all or any part of the stenographic transcript necessarily obtained for use in the case.*

Kolbe claims significant costs incurred with regard to his taking of depositions in the amount of $2,192.02 (Ex. B) and in the amount of $244.00 (Ex. E) for the copying of a deposition. 28 U.S.C. § 1920(2) allows compensation for transcripts "necessarily obtained" for use in the case. Whether such costs are taxable under section 1920(2) will generally be determined by the reason for the taking of the deposition.

Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling.

*Sales v. Marshall,* 873 F.2d 115, 120 (6th Cir.1989).

The government asserts that the cost of a deposition must be necessary to present a party's case and not merely used for purposes of investigation or for the kindred purpose of thoroughly preparing a case. *See Hope Basket Co. v. Product Adv. Corp.,* 104 F.Supp. 444 (W.D.Mich.1952). The standard the government espouses is more restrictive than that adopted by the Court of Appeals in *Sales,* under which the necessity of a deposition is evaluated as of the time the deposition was taken. 873 F.2d at 120. The government asserts many of Kolbe's costs were unnecessary because the depositions were not actually used. If the court had ordered a trial of this case, the depositions of Rick Jeffery Ott, Dallas Lincoln, Howard Heilbronn, Donald A. McMillan, Sr. and Ralph I. Selby may have been necessary. It was reasonable for Kolbe to have these depositions taken as part of the trial preparation of this case. The fact that the depositions were not used in evidence at the trial does not prohibit the item as a taxable cost. *Sales,* 873 F.2d at 120. The cost of depositions in the amount of $2,192.02 are taxable, since they were of key persons whose depositions appeared to be reasonably necessary at the time they were taken.

The question of whether the cost of *copies* of a deposition may be included in taxable costs is governed by the same standard— whether the copy is "necessarily obtained for use in the case." In *United States v. Kolesar,* 313 F.2d 835 (5th Cir.1963), copies of depositions were held to be governed by section 1920(2), the cost of producing the copy being, like the production of the original, "fees of the court reporter." *Kolesar,* 313 F.2d at 837. However, when the original deposition is on file in the clerk's office, it is sometimes held that copies ordered merely for the convenience of the attorney should

not be reimbursed. *See Hope Basket Co. v. Product Adv. Corp.*, 104 F.Supp. 444 (W.D.Mich.1952). This rule seems archaic and outside the mainstream of modern practice, under which copies are commonly ordered in addition to originals. I recommend that Kolbe be awarded $244.00 for the copying of a deposition.

(3) *Fees for Service of Summons and Subpoena*

Kolbe seeks reimbursement of $39.33 (Ex. A) for expenses incurred in serving subpoenas for depositions under 28 U.S.C. §§ 1821 and 1920(1). Kolbe is entitled to recover his costs with regard to the process service fee and the deposition subpoena service fee which he paid.

(4) *Fees for Witnesses*

Similarly, Kolbe is entitled to recover $280.00 (Ex. D) with regard to witness fees paid. The daily attendance fee, presently fixed at $40.00. and 25 cents per mile, is payable to a witness for each day's attendance at any court of the United States or before any person authorized to take his deposition by Rule or order of the court pursuant to 28 U.S.C. §§ 1821(b) and 1920(3).

(5) *Fees and Disbursements for Printing*

Kolbe is entitled to recover printing expenses to the extent that Rule 5 of the Federal Rules of Civil Procedure requires service on the opposing party and the court. In particular, the printing expenses incurred for motions and pleadings are recoverable in the amount of $189.78. (Ex. C).

(6) *Fees for Exemplification and Copies of Papers Necessarily Obtained for use in the Case*

A prevailing party may recover fees for exemplification and copies of papers "necessarily obtained for use in the case" 28 U.S.C. § 1920(4).

Kolbe claimed costs related to photocopy expenses of pleadings and motions in the amount of $444.00 and $114.50 (Ex. C) for copies of National Archive Trust Fund Records for a total of $558.50. (Ex. C). The law is not clear whether photocopy expenses are taxable costs. Some courts have allowed a prevailing party to recover all of their photo-copying costs under 28 U.S.C. § 1920(4); other courts have allowed photocopy charges as taxable costs only to "the extent that the copies are used as court exhibits or were furnished to the court or opposing counsel." *Michigan Retail Hardware Assoc. v. Miller, Mason, & Dickenson, Inc.*, No. 5:92:cv:14 (W.D.Mich., Jan. 22, 1993) (quoting *Arachnid, Inc. v. Valley Recreation Prods., Inc.*, 143 F.R.D. 192, 193 (N.D.Ill.1992)).

Under the *Michigan Retail Hardware* rule, Kolbe is entitled to expenses attributable to copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, as documents prepared for the court's consideration or for the opponent are recoverable. *See, e.g., Michigan Retail Hardware Assoc. v. Miller, Mason, & Dickenson, Inc.*, No. 5:92:cv:14 (W.D.Mich., Jan. 22, 1993). I recommend that Kolbe be awarded $444.00 in copying fees.

Kolbe may not tax as costs photocopy expenses incurred by copying National Archives Trust Fund Records in the amount of $114.50. Money spent to copy documents where the copies are for the litigant's own use are not recoverable. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990); *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 682 (D.Kan. 1994). Kolbe has not demonstrated that copies obtained from the National Archives Trust Fund were necessarily obtained for use in the case. For use in the case refers to materials actually prepared for use in presenting evidence to the court. The only documentation submitted in support of this claimed expense is a copy of a receipt and check issued in the amount claimed. Kolbe has not met his burden in proving these costs were necessarily obtained for use in the case.

(7) *Other Costs*

As part of his bill of costs, Kolbe seeks $700.00 (Ex. E) in travelling costs incurred to attend a pretrial conference. I found no authority supporting or refuting Kolbe's position and the cases cited by the government refer to *attorney's* fees while attending a pretrial conference. Generally, a party is not

entitled to recover expenses that are merely incident to the preparation of the case, such as travel expenses. *See, e.g., Fahey v. Carty,* 102 F.R.D. 751 (D.N.J.1983). Kolbe is not entitled reimbursement of travelling costs.

Kolbe also seeks reimbursement of $232.50 for photocopies of subpoenaed documents (Ex. E). In support of his claim, Kolbe provided the court with a column of numbers, representing the costs of photocopies. There is no information to determine the necessity of the photocopies. As Kolbe's claim for reimbursement is undocumented, the claim must be disallowed. *See American Key Corp. v. Cumberland Assoc.,* 102 F.R.D. 496, 499 (N.D.Ga.1984).

In summary, Kolbe is entitled to an award of $3,434.63 in costs, as summarized below:

| | | |
|---|---|---|
| (1) Depositions | — | $2,192.02 |
| (2) Copy of a deposition | — | 244.00 |
| (3) Fees for Summons | — | 39.33 |
| (4) Witnesses | — | 280.00 |
| (5) Printing | — | 189.78 |
| (6) Exemplification/copies | — | 444.00 |
| (7) Docket fees | — | 42.50 |
| | | $3,431.63 |

Kolbe is not entitled to the following:

| | |
|---|---|
| (1) Copies of National Archive Trust Fund Records ..... | $114.50 |
| (2) Travelling Costs ........... | $700.00 |
| (3) Copies of Subpoenaed Documents ................... | $232.50 |
| | $1,047.00 |

### RECOMMENDED DISPOSITION

I recommend that judgment be entered on behalf of Kolbe and against the government in the amount of $3,431.63 in taxable costs plus statutory interest from the date of judgment.

Dated: July 26, 1994

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b). All objections and responses to objections are governed by W.D.Mich.L.R. 13(b). Failure to file timely objections may constitute a

waiver of any further right of appeal. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).