GARONZIK

v.

**WHITMAN DINER,**

**Civ. No. 93–1840 (SSB).**

United States District Court,
D. New Jersey.

Dec. 18, 1995.

Theodore M. Schaer, Zarwin, Baum, Devito, Kaplan, & O'Donnell, Philadelphia, PA, for plaintiffs.

Lawrence D. Lally, Montano, Summers, Mullen, Manuel, Owens & Gregorio, Cherry Hill, NJ, for defendants.

## LETTER OPINION

KUGLER, United States Magistrate Judge.

Presently before the court is a dispute over the plaintiffs' Bill of Costs that was submitted at the conclusion of the jury trial in this matter. This case was a personal injury action in which Bernice and Milton Garonzik sought damages as a result of Bernice Garonzik's slip and fall on the premises of Defendant Whitman Diner. The parties consented to the jurisdiction of the Magistrate Judge to conduct the trial and related matters pursuant to 28 U.S.C. § 636(c). The initial jury trial ended in a mistrial. The matter was again tried before a jury and a verdict was rendered on May 26, 1995 attributing 45% fault to Plaintiff Bernice Garonzik, 35% fault to Defendant Whitman Diner, and 20% fault to Third–Party Defendant Larry Catalini. Judgment was entered on June 28, 1995. Plaintiffs subsequently filed a Bill of Costs seeking $5,807.38 in taxable expenditures, and Defendant Whitman Diner submitted opposition.

### I. *PREVAILING PARTY*

Defendant argues that since Plaintiff Bernice Garonzik was found to be 45% liable, she should not be considered the prevailing plaintiff for purposes of taxation of costs under Fed.R.Civ.P. 54(d). Rule 54(d) provides that except where otherwise expressly provided by statute or rule, costs "shall be allowed as of course to the prevailing party unless the court otherwise directs...." A prevailing party is the one in whose favor a judgment is rendered, regardless of whether the party has recovered its entire claim or a portion thereof. *See Fahey v. Carty,* 102 F.R.D. 751 (D.N.J.1983) (plaintiff was pre-

vailing party even though he was found 20% responsible for accident); *Weseloh–Hurtig v. Hepker,* 152 F.R.D. 198, 200 (D.Kan.1993) (plaintiff who was found 45% at fault "was no less a prevailing party by virtue of the fact that her judgment was less than the full amount of her damages").

## II. *EXPERT WITNESS FEE*

The defendant makes several objections to portions of the plaintiffs' costs. First, the defendant opposes the plaintiffs' taxation of a $2,000.00 expert witness fee for Jerome Cotler, M.D., who testified by videotape at both trials. Defendant argues that because this is action is in federal court upon diversity jurisdiction, this court should look to state law in assessing whether expert witness fees in excess of the statutory maximum for attendance, mileage and subsistence may be taxed.

■ The general rule is that, absent an express indication by a state legislature or its courts of that state's special interest in providing litigants with recovery of expert witness fees, federal law will govern taxation of costs in a diversity action. *Cates v. Sears,* 928 F.2d 679, 688–89 (5th Cir.1991). *See also Pierce Assoc., Inc. v. Nemours Found.,* 865 F.2d 530, 542 (3d Cir.1988) ("Even though this is a diversity case, the recovery of fees which a prevailing party pays to its expert witnesses and consultants is governed by federal law, namely, 28 U.S.C. §§ 1821 and 1920"). Defendant has presented no persuasive argument as to why New Jersey law should apply to this application.

Taxation of costs is authorized by Fed. R.Civ.P. 54(d) and governed by 28 U.S.C. § 1920 which provides:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Specific witness expenses are permitted under 28 U.S.C. § 1821. Local Rule 23G, which sets forth the general rules for the Clerk to follow in taxing costs unless otherwise ordered by the Court, basically tracks and expands upon 28 U.S.C. § 1920.

Section 1821(a)(1) provides: "Except as otherwise provided by law, a witness ... before any person authorized to take his deposition ... shall be paid fees and allowances provided by this section." Under this section, witnesses may be paid an attendance fee of $40.00 per day, reasonable travel expenses and, if overnight stay is required, a subsistence allowance. Local Rule 23G.1 provides that witness fees for attendance, mileage, tolls and subsistence are set by 28 U.S.C. § 1821. Neither rule makes any distinction between lay and expert witnesses.

As discussed in the comments to Local Rule 23G, the 1984 revision of Rule 23G had permitted taxation of higher fees for expert witnesses under the holding of *Roberts v. S.S. Kyriakoula D. Lemos,* 651 F.2d 201 (3d Cir.1981). In *Roberts,* the Third Circuit found that a district court has "equitable discretion to award expert fees when the expert's testimony is indispensable to determination of the case." *Id.* at 206. In so doing, the Court harmonized the District of Delaware's local rule allowing higher fees for expert witnesses with 28 U.S.C. § 1821. *Id. See also Fahey v. Carty, supra* (applying the reasoning of *Roberts* to the interpretation of the District of New Jersey's Local Rule 23G.1). In 1987, however, the United States Supreme Court ruled that costs for expert witnesses other than those court-appointed experts referenced in 28 U.S.C. § 1920(6) are taxable only to the same extent as any other fact witness. *Crawford Fitting Co. v. J.T.*

Gibbons, Inc., 482 U.S. 437, 439, 107 S.Ct. 2494, 2496, 96 L.Ed.2d 385 (1987) ("[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limits of § 1821, absent contract or explicit statutory authority to the contrary"). Accordingly, Local Rule 23G.1 was amended in 1989 to delete the reference to expert witnesses, and subsequent opinions in the Third Circuit have held fast to the *Crawford* rule when awarding costs to prevailing parties under Fed. R.Civ.P. 54(d). *See Friedman v. Ganassi,* 853 F.2d 207, 209 (3d Cir.), *reh'g denied,* (1988), *cert. denied,* 488 U.S. 1042, 109 S.Ct. 867, 102 L.Ed.2d 991 (1989) (taxable costs "do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee"); *Dominic v. Hess Oil V.I. Corp.,* 841 F.2d 513, 517 (3d Cir.), *reh'g denied,* (1988) (finding that the "clear mandate" of *Crawford* was "dispositive" on the issue of whether prevailing party could tax $10,000 in expert witness fees and permitting only the statutory maximum of $30.00); *Central Delaware Branch of NAACP v. City of Dover,* 123 F.R.D. 85 (D.Del.1988).

■ Under *Crawford,* this court has no discretion to depart from the statutory witness fee in 28 U.S.C. § 1821 for Dr. Cotler's attendance at his deposition. Accordingly, the plaintiffs' proposed cost of $2,000.00 shall be disallowed to the extent it exceeds $40.00.

## III. *VIDEOTAPING*

Defendant also protests the fees relating to the videotape of Dr. Cotler's testimony. Plaintiffs have asked for $497.55 for the videotape, $590.00 for its playback at the second trial, $355.00 for the transcription of the videotape, and $53.50 for a copy of the videotape.

Neither § 1920 nor the Local Rules explicitly provide for fees associated with videotape depositions. It is for this reason that some courts have relied upon *Crawford* to hold that such fees are not taxable under § 1920. *See Coats v. Penrod Drilling Corp.,* 5 F.3d

877 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1303, 127 L.Ed.2d 654 (1994); *Echostar Satellite Corp. v. Advanced Communications Corp.,* 902 F.Supp. 213 (D.Colo. 1995); *Fressell v. AT & T Technologies, Inc.,* 103 F.R.D. 111 (N.D.Ga.1984) (holding that expenses of videotaping and playback are limited to § 1821 witness fees). Other courts, however, interpret § 1920(2) in conjunction with Fed.R.Civ.P. 30(b)(2)[1] (authorizing videotape depositions as an alternative to traditional stenographic depositions) to implicitly allow fees associated with videotape depositions. *See Barber v. Ruth,* 7 F.3d 636 (7th Cir.1993); *Commercial Credit Equip. Corp. v. Stamps,* 920 F.2d 1361 (7th Cir. 1990); *Griffith v. Mt. Carmel Medical Center,* 157 F.R.D. 499 (D.Kan.1994); *Deaton v. Dreis & Krump Mfg. Co.,* 134 F.R.D. 219 (N.D.Ohio 1991); *Macario v. Pratt & Whitney Canada, Inc.,* 1995 WL 649160 (E.D.Pa. Nov. 1, 1995).

■ The court finds the latter reasoning persuasive. Rule 30(b)(2) permits a deposition to be recorded by "sound, sound-and-visual, or stenographic means." Fed. R.Civ.P. 30(b)(2). Without distinguishing between stenographic and non-stenographic depositions, Local Rule 23G.7 provides that "the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at the trial under Rule 32 of the Civil Rules." Section 1920(2) allows the taxing of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Reading these three provisions in conjunction with one another, this court finds that expenses associated with videotape depositions are taxable to prevailing parties under Fed. R.Civ.P. 54(d).

■ Exactly which fees are allowed, however, presents a more difficult question. Plaintiff requests fees for preparation of the videotape, its playback at trial, transcription of the videotape, and a copy of the videotape. The one thing that is clear with respect to

---

1. The cases cited above use the language of Fed. R.Civ.P. 30(b)(4) before it was amended in 1993. Rule 30(b)(2) is the current subsection which authorizes depositions to be taken by other than stenographic means.

these types of fees is that courts are not in agreement as to their taxability. Those courts that permit the taxation of fees associated with videotape depositions generally allow the costs for preparation and playback, as long as the use of the videotape was reasonably necessary to the trial. *See Barber v. Ruth, supra; Commercial Credit Equip. Corp. v. Stamps, supra; Meredith v. Schreiner Transport, Inc.,* 814 F.Supp. 1004 (D.Kan.1993); *Macario v. Pratt & Whitney Canada, Inc., supra; Molnar v. Elgin, Joliet & Eastern Railway Co.,* 697 F.Supp. 306 (N.D.Ill.1988); *Jamison v. Cooper,* 111 F.R.D. 350 (N.D.Ga.1986); *Deaton v. Dreis & Krump Mfg. Co., supra; Sack v. Carnegie Mellon Univ.,* 106 F.R.D. 561 (W.D.Pa.1985). The court adopts this reasoning and finds that the videotape deposition of Dr. Cotler was reasonably necessary to the litigation. Thus, the expenses for the preparation and playback shall be allowed.

With respect to the fees for transcription, courts differ in their approach to determining their taxability. In *Meredith v. Schreiner Transport, Inc., supra,* the District Court for the District of Kansas permitted the taxation of transcripts of a videotape deposition, finding that the discretion afforded by § 1920(2) required a court to decide whether the transcript had "a legitimate use independent from or in addition to the videotape which would justify its inclusion in an award of costs." *Id.* at 1006. The court emphasized that the use of videotape depositions was encouraged, but noted that the tape could fall prey to technical difficulties and that objectionable portions of the tape were more easily edited from a transcript. The court also observed that it is more efficient for an appellate court to review a transcript and that, in many cases, a party insists that the opposing party arrange to have a transcription made as a condition for obtaining an order allowing a videotape deposition. *Id.* Thus, the court found an independent, legitimate use for the transcript apart from the videotape and allowed the cost to be taxed.

In *Molnar v. Elgin, Joliet & Eastern Railway Co., supra,* the District Court for the Northern District of Illinois appeared to hold transcripts of videotape depositions neces-

sary in every situation "so that an attorney may decide which portions of the videotape to present to the jury." *Id.* at 312.

Those courts that have held such transcripts non-taxable primarily have done so on two grounds. One basis is that, as the videotape itself is the original transcript and the best record of the witness' testimony, any additional recording or transcription can only be considered a copy made for the convenience of counsel. *Sack v. Carnegie Mellon University, supra.*

The more extensive line of cases has held such transcripts non-taxable on the basis of the language of Rule 30(b)(4) as it existed prior to the 1993 amendments. That rule stated that "[a] party may arrange to have a stenographic transcription made *at the party's own expense*" (emphasis added). The Seventh Circuit in *Commercial Credit Equip. Corp. v. Stamps, supra,* found this language to be an express exception to the general presumption in Rule 54(d) that costs should be allowed: "*Except when express provision therefor is made either in a statute of the United States or in these rules,* costs shall be allowed as of course ..." (emphasis added). *Id.* at 1369. Rule 30(b)(4)'s requirement that parties bear their own expenses for stenographic transcripts of videotape depositions removed any discretion from the courts. *Id.* Accord *Barber v. Ruth, supra; Jamison v. Cooper, supra.*

The language that these cases have relied upon, however, has been deleted from Rule 30(b). Rule 30(b)(2) is the current provision authorizing the taking of depositions by other than stenographic means, and it states that "[a]ny party may arrange for a transcription to be made from the recording of a deposition taken by nonstenographic means." Conspicuously absent is the phrase "at the party's own expense." The court notes that the revised rules contain an express requirement that a party who has noticed a deposition to be taken by other than stenographic means must provide a transcript to opposing parties as part of its discovery obligations. Fed.R.Civ.P. 26(a)(3)(B). That party must also provide a transcript if the video deposition is to be offered as evidence at trial or upon a dispositive motion.

Fed.R.Civ.P. 32(c). Thus, under the revised rules, it is clear that a transcript of a videotape deposition is not for the "convenience of counsel," but rather is an express obligation. The shift in language of the new Rule 30(b)(2) renders moot the reasoning of those courts that held that Rule 30(b)(4) contained an express exemption from Rule 54(d)'s allowance of costs for transcripts of videotape depositions. For these reasons, the court finds that the transcript of Dr. Cotler's videotape deposition was necessary to the litigation and will allow the cost of the transcript to be taxed to the defendant pursuant to Rule 54(d).

■ As for the $53.50 cost of preparing a copy of the videotape, the court finds that the plaintiffs have not shown how a copy was reasonably necessary to the trial. This cost shall be disallowed.

## IV. *TRIAL TRANSCRIPTS*

■ Defendant also objects to the plaintiffs' request for $435.00 in trial transcript costs. But for the plaintiffs' action in the initial trial, the defendant argues, a mistrial would not have resulted, and the transcript cost would not have been necessary. Defendant makes a persuasive argument. *See Marinne v. Nabisco Brands,* 1994 WL 533906 (E.D.Pa.1994); *Taylor v. Westinghouse Elevator Corp.,* 1989 WL 132840 (E.D.La.1989). However, Local Rule 23G.6 provides stronger authority for denying the plaintiffs' request to tax the cost of trial transcripts. That rule provides:

> The cost of a reporter's transcript is allowable only (i) when specifically requested by the Judge, master, or examiner, or (ii) when it is of a statement by the Judge to be reduced to a formal order, or (iii) if required for the record on appeal. Mere acceptance by the Court of a submitted transcript does not constitute a request. Copies of transcripts for an attorney's own use are not taxable in the absence of a prior order of the Court. All other transcripts of hearings, pretrials and trials will be considered by the Clerk to be for the convenience of the attorney and not taxable as costs.

Local Rule 23G.6. Under this rule, the court has no choice but to determine that the $435.00 expense for trial transcripts was incurred for the convenience of counsel and, thus, not taxable.

## V. *COPIES*

■ Plaintiffs request a total of $904.93 for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Although the Defendant's arguments are far from a picture of clarity, it appears to contend that plaintiffs have provided no explanation as to why the itemized duplication costs were necessary to the trial. Defendant says that the plaintiffs prepared an unreasonable number of photocopies, presenting trial packages to virtually every individual involved in the case, including court attendants.

Once again, this court's local rules apply a strict rule to the taxability of photocopies. Rule 23G.9 provides that:

> The fees for exemplification and copies of papers are taxable when (i) the documents are admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispository motion, and (ii) they are in lieu of originals which are not introduced at the request of opposing counsel. The cost of copies submitted in lieu of originals because of convenience to offering counsel or his client is not taxable. The cost of copies obtained for counsel's own use is not taxable.

Plaintiffs have made no showing as to whether the requested copying costs are for those photocopies allowed to be taxed under this rule. Their itemization consists of "Medical Copy Services," "Copier Expense," and "Copies" as explanation of the use of the photocopies. This showing is insufficient; the requested $904.93 shall be disallowed.

## VI. *CONCLUSION*

For the reasons discussed above, the following costs shall be taxed to the defendant:

Fees of the clerk and marshal $ 48.92
Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case $ 2,305.57
(Videotape expenses: $1,442.55)
(Deposition transcripts: $863.02)
Fees and disbursement for printing and witnesses $ 40.00
Fees for exemplification and copies of papers necessarily obtained for use in the case $ 0.00
Docket fees under section 1923 of this title $ 0.00
Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title $ 0.00
Visual aids (Local Rule 23G.10) $ 54.46
**TOTAL:** $ 2,448.95