**Jonathan M. FREIER, Plaintiff,**

v.

**Judith D. FREIER, Defendant.**

No. 96–CV–73967–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 15, 1997.

Jan Rewers McMillan, Prather & Associates, P.C., Detroit, MI, for Plaintiff.

Nicole S. Leveque, Southfield, MI, for Defendant.

## MEMORANDUM OPINION AND ORDER RE ATTORNEY FEES AND COSTS

HOOD, District Judge.

### I. INTRODUCTION.

This matter is before the Court on Plaintiff Jonathan M. Freier's Motion for Hearing to Approve Awarded Fees, Costs and Transportation Expenses, which the Court will consider as a Motion to Approve Awarded Fees, Costs and Transportation Expenses.[1] A response and reply were filed. The Court previously entered an Order on October 4, 1996 awarding Plaintiff attorney fees and costs, including any additional transportation costs incurred by Plaintiff pursuant to the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11607(b)(3).[2] Plaintiff requests attorney fees and costs in the amount of $30,656.59.

### II. ANALYSIS.

#### A. Attorney Fees.

The Act, pursuant to 42 U.S.C. § 11607(b)(3), provides for the following:

[1] A hearing is not needed to determine attorney fees and costs which was previously granted by the Court.

[2] There is a typographical error on p. 18 in the Court's October 4, 1996 order. The Court awarded fees and costs to Plaintiff and not Defendant.

(3) Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

The Sixth Circuit requires that the district court "make clear and adequate findings of fact" when determining reasonable attorney fees. *Northcross v. Board of Education of the Memphis City Schools,* 611 F.2d 624, 636 (6th Cir.1979). It is well settled that the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Davis v. Mutual Life Ins. Co.,* 6 F.3d 367, 380 (6th Cir.1993). Applying the lodestar approach, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Id.* There is a strong presumption that this lodestar figure represents a reasonable fee. *Id.* However, there remain other considerations that may lead the district court to adjust the fee upward or downward. The district court has the discretion to reduce the award. *Hensley,* 461 U.S. at 437, 103 S.Ct. at 1941. The hours claimed need not be automatically accepted by the district court. *Northcross,* 611 F.2d at 636. Hours may be cut for duplication, padding or frivolous claims. *Id.* In complicated cases, involving many lawyers, deducting a small percentage of the total hours may be used to eliminate duplication of services. *Id.* The district court must base its decision on the affidavits of counsel along with supporting documents including an accurate summary of contemporaneous time records with dates, number of hours expended, by whom, and a specific explanation of the action taken. *Id.*

Here, Plaintiff's attorney submitted an affidavit detailing the hours spent on the matter. Plaintiff requests attorney fees in the amount of $12,112.50 (80.75 hours × $150.00 per hour). The Court finds that the 80.75 hours requested by Plaintiff is reasonable.

The Court further finds that the hourly rate of $150.00 is within the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Hadix v. Johnson,* 65 F.3d 532, 536 (1995).

Plaintiff also requests a clerk's fee in the amount of $360.00 (9 hours × $40.00 per hour). Generally, a party is not entitled to recover expenses that are merely incident to the preparation of cases and are part of office overhead. *McMillan v. United States,* 891 F.Supp. 408, 415–416 (W.D.Mich.1995); *Knop v. Johnson,* 712 F.Supp. 571, 588 (W.D.Mich.1989). The Sixth Circuit has held that paralegal fees are compensable in fee shifting statutes. *Northcross, supra,* 611 F.2d at 639. Here, Plaintiff has not submitted any authority to support the requested fee for a clerk. The affidavit filed by Plaintiff's attorney does not indicate specifically what services the clerk performed, other than .25 hours on August 27, 1996 for legal research. A review of the affidavit indicates that some of the clerk's services appear to be hours spent picking up from and delivering items to the courts, libraries, and opposing counsel's office. The Court declines to award attorney fees for services rendered by a clerk because: 1) there is no authority to compensate a clerk's services; and 2) the clerk's time appears to be ministerial and incidental to the preparation of the case.

### B. *Costs.*

Plaintiff requests costs in the amount of $2,208.96. A summary of Plaintiff's costs is outlined in the affidavit submitted by Jan Rewers McMillan. (Ex. B, Plaintiff's brief). Rule 54(d) of the Federal Rules of Civil Procedure provides for an award of costs "to the prevailing party unless the court otherwise directs." Fed.R.Civ .P. 54(d). Recoverable costs as defined in 28 U.S.C. § 1920, LR 54.1 of the Eastern District of Michigan and the Bill of Costs Handbook include:

1) Fees of the clerk and marshal;

2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

3) Fees and disbursements for printing and witnesses;

4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

5) Docket fees under section 1923 of this title;

6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Title 28 U.S.C. § 1821(b) limits witness fees authorized by § 1920(3). *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The district court may decline to award the costs listed in the statute but may not award costs omitted from the list. *Crawford Fitting* at 442, 107 S.Ct. at 2497–98.

### 1. *Fees of the clerk.*

The Court finds that Plaintiff's request for filing fees in the amount of $120.00 is proper under 28 U.S.C. §§ 1920(1) and 1923. The Court will not allow fees paid to the Clerk of Oakland County since a fee to a state court clerk is not authorized under § 1920.

### 2. *Fees of the marshal/private process service.*

The Court finds that Plaintiff's request for fees of the process server under 28 U.S.C. § 1920(1) in the total amount of $33.00 is proper.

### 3. *Fees for printing and copies.*

■ 28 U.S.C. §§ 1920(3) and (4) provide for printing expenses and copies of papers "necessarily obtained for use in the case." Photocopying costs have been allowed as costs to the extent that the copies are used as court exhibits or were furnished to the court or the opposing counsel. *McMillan, supra,* 891 F.Supp. at 415. Money spent to copy documents for the litigant's own use are not recoverable. *Id.*

■ Here, Plaintiff did not outline the costs for copies separately from faxes and telephone expenses for the month of August and September. Plaintiff did separately list copies made at the bar library ($10.25), Lo-

pez Reproductions ($34.89) and miscellaneous copies ($83.13). The Court assumes that the copies for the month of August and September included copy expenses for copies submitted to the Court and to opposing counsel. The Court will allow the copy expenses for the month of August and September pursuant to § 1920(3) and (4) as reasonable photocopying costs under *Northcross.* 611 F.2d at 639. As to the copy expenses incurred at the bar library, Lopez Reproductions and miscellaneous copies, the Court will not allow those expenses because Plaintiff has not demonstrated that these copies were made other than for the litigant's own use which are not recoverable pursuant to *McMillan.*

### C. *Other Costs.*

#### 1. *Faxes/Phone.*

Reasonable telephone costs are recoverable under a fee shifting statute. *Northcross, supra,* 611 F.2d at 639. The Court will allow Plaintiff's request for fax and telephone costs.

#### 2. *Worldwide Interpreters.*

■ Plaintiff requests costs for Worldwide Interpreters in the amount of $930.00. Plaintiff does not indicate what the costs are for. In any event, because the interpreters were not court appointed, the requested interpreters' cost is not recoverable. 28 U.S.C. § 1920(6).

#### 3. *Dr. Dov Frimer's Fees and Costs.*

■ Dr. Dov I. Frimer is an Advocate before the Israel Bar Association, licensed to practice law in the state of New York and is affiliated with the American Academy of Matrimonial Lawyers. Dr. Frimer wrote an eleven page handwritten letter concerning Israeli law which was submitted to the Court with a copy given to Defendant. Plaintiff claims that the fees incurred relative to the services of Dr. Frimer were for consultation. (Plaintiff's May 13, 1997 Reply brief). Dr. Frimer represents Plaintiff before the Rabbinical Court for Israel. (Ex. (B)(2), Plaintiff's brief). Defendant objects to Plaintiff's requested costs and fees for the services of Dr. Frimer in the amount of $13,235.63.

The Court finds that Plaintiff is not entitled to recover the fees and costs incurred by Dr. Frimer. Dr. Frimer did not represent Plaintiff in the instant action before this Court. There is no showing that Dr. Frimer is admitted to practice in the State of Michigan or before this Court. Plaintiff has not submitted any authority which allows this Court to award fees and costs incurred by an attorney who does not represent a party in an action before the Court.

■ Inasmuch as Dr. Frimer is considered a consultant to Plaintiff's attorney, consultation costs are not allowed under a fee shifting statute or § 1920. *Birth Control Centers, Inc. v. Reizen,* 652 F.Supp. 192, 197 (E.D.Mich.1986).

Dr. Frimer may be considered an expert witness on Israeli law in this matter. 28 U.S.C. §§ 1821(b) and 1920(3) allow for taxation of witness fees for witnesses who testified at trial. Here, Dr. Frimer did not appear in person before the Court to testify at a trial or hearing. There is no authority allowing a prevailing party to recover expert witness fees of a witness who did not testify at trial. Plaintiff is not entitled to Dr. Frimer's fees and costs.

#### 4. *Transportation Costs.*

■ Plaintiff requests transportation costs incurred by Plaintiff in the amount of $2,739.50. Plaintiff submitted supporting documents with his request for transportation costs. The Court notes that there was a calculation error in Plaintiff's request for transportation costs. The proper amount is calculated as follows:

| | |
|---|---|
| Airfare for Jonathan and Avital Freier to Israel: | $1,668.50 |
| Airfare for Jonathan Freier to Detroit: | 1,471.00 |
| Total | 3,139.50 |

The Court recalls that the child's original return ticket to Israel was transferable and that no new costs for Avital's transportation would be incurred. The Court will reduce the requested amount by $717.50, the amount Plaintiff paid for Avital's second ticket back to Israel, making the requested amount to be $2,422.00.

42 U.S.C. § 11607(b)(3) specifically states that the prevailing party is entitled to "transportation costs related to the return of the child." The Court finds that Plaintiff's requested transportation cost in the amount of $2,422.00 was related to Plaintiff's action to return the child to Israel. Plaintiff is entitled to transportation costs in the amount of $2,422.00

### III. *CONCLUSION.*

For the reasons set forth above, the Court will award Plaintiff the following fees and costs:

| | |
|---|---|
| Attorney fees for services by Ms. McMillan | $12,112.50 |
| Copies/Faxes/Phone for 8/96 | 114.20 |
| Copies/Faxes/Phone for 9/96 | 435.00 |
| MCI-long distance 9/16/96 | 268.59 |
| MCI-long distance 10/8/96 | 148.65 |
| Sprint—long distance | 83.13 |
| Filing fee | 120.00 |
| Process Server | 33.00 |
| Transportation | 2,422.00 |
| Total | $15,737.07 |

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Hearing to Approve Awarded Fees, Costs and Transportation Expenses, considered by the Court as a Motion to Approve Awarded Fees, Costs and Transportation Expenses (Docket No. 24) is GRANTED pursuant to 42 U.S.C. § 11607(b)(3) and 28 U.S.C. § 1920 in the amount of $15,737.07.